## ILLINOIS LIFE INS. CO. v. SHENEHON.

(Circuit Court, E. D. Wisconsin. July 20, 1901.)

FEDERAL JURISDICTION—CITIZENSHIP.

For the purpose of federal jurisdiction, defendant is a citizen of Illinois; it being admitted that she was such till three months before the filing of the bill, when she came to Milwaukee to attend to other litigation, and she having engaged only temporary rooms, her furniture being stored in Chicago; no duty or obligation appearing to call her to Milwaukee permanently, though she had property interests there in charge of local attorneys, and had lived there prior to her marriage to her deceased husband; and she testifying that when she came to Milwaukee she had no intention to make it her permanent home, and her intention was and continued to return to Chicago when her business was completed, and to retain her domicile there, in expectation of certain employment, for which she afterwards obtained promise, though when plaintiff's attorneys called on her in Milwaukee in reference to a tender for purpose of the suit, while awaiting the presence or advice of her counsel, she, in answer to an inquiry as to what her intentions were as to making Milwaukee her home, answered that she was lonesome in Chicago, and intended to make Milwaukee her home.[1]

In Equity.

Quarles, Spence & Quarles, Theodore K. Long, and Harry Wheeler Stone, for complainant.

Bloodgood, Kemper & Bloodgood, for defendant.

SEAMAN, District Judge. The question raised by the plea and presented by the testimony is of special importance in this case, for the reason that it may affect the ultimate status of the parties in respect of maintaining a bill in equity for the alleged cause of action, which appears to be substantially identical in the general facts with the case stated in Insurance Co. v. Cable, 39 C. C. A. 264, 98 Fed. 761. But this possible aspect of the issue will not justify departure from the well-settled doctrine which governs the determination of citizenship, on which the jurisdiction of this court depends. The complainant is an Illinois corporation, and, if the defendant was likewise a citizen of Illinois when the bill was filed and subpoena served in this district, the federal court is deprived of jurisdiction, and the plea must be sustained. It is true that the allegation of the bill that the defendant is a citizen of Wisconsin makes a prima facie case, and the burden is thus placed upon the defendant to disprove this averment; but the evidence is clear and undisputed of her citizenship in Illinois up to within three months prior to the filing of the bill, and the sole inquiry is whether she came to Wisconsin with the settled intention of making it her per-

[1] Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

manent home. If her removal was either temporary or tentative, for the purpose of attending to her business affairs, and with the intention of ultimate return to Chicago, as she testifies, or without fixed intention to establish her permanent domicile in Wisconsin, her Illinois citizenship was not terminated, but remained until a new one was acquired by her conjoint action and intention. The rule in such case is well stated in Sharon v. Hill (C. C.) 26 Fed. 337, 342:

" 'Citizenship' and 'residence,' as has often been declared by the courts, are not convertible terms. Parker v. Overman, 18 How. 141, 15 L. Ed. 318; Robertson v. Cease, 97 U. S. 648, 24 L. Ed. 1057; Grace v. Insurance Co., 109 U. S. 283, 3 Sup. Ct. 207, 27 L. Ed. 932; Prentiss v. Barton, 1 Brock. 389, Fed. Cas. No. 11,384. Citizenship is a status or condition, and is the result of both act and intent. An adult person cannot become a citizen of a state by simply intending to, nor does any one become such citizen by mere residence. The residence and the intent must co-exist and correspond, and though, under ordinary circumstances, the former may be sufficient evidence of the latter, it is not conclusive, and the contrary may always be shown; and, when the question of citizenship turns on the intention with which a person has resided in a particular state, his own testimony, under ordinary circumstances, is entitled to great weight on the point."

In the early case of Prentiss v. Barton, 1 Brock. 389, Fed. Cas. No. 11,384, the opinion is by Chief Justice Marshall, and of like effect, remarking that:

"All agree that a new residence is not acquired by a residence for a temporary purpose. It must be a permanent residence. Vattel defines it to be 'a habitation fixed in any place, with an intention of always staying there.' "

And it is further stated in Vatt. Law Nat. § 218:

"He who stops, even for a long time, in a place, for the management of his affairs, has only a simple habitation there, but has no domicile."

So, in Rucker v. Bolles, 25 C. C. A. 600, 80 Fed. 504, the following instruction is approved upon the issue of citizenship, where the party had removed from New York to Colorado:

"One may have a residence in one state while his citizenship continues in another state. If he comes here for a temporary purpose, or if he be undecided at the time of coming as to whether he will return to New York and continue to live there, or take up his residence here, he will not become a citizen of the state of Colorado until he has decided to make his permanent residence and acquire citizenship in this state."

See, also, Read v. Bertrand, 4 Wash. C. C. 514, Fed. Cas. No. 11,-601; Gardner v. Sharp, 4 Wash. C. C. 609, Fed. Cas. No. 5,236.

I am of opinion that the tests of citizenship for the purposes of this inquiry are thus well settled, and that they are completely met by the defendant's testimony and conceded facts in support of her plea. Beyond the fact that the defendant and her husband (the assured under the policy in controversy) were citizens of Illinois during all the times mentioned in the bill, up to the death of the husband, in January last, and that the defendant so continued up to her departure for Milwaukee, it is undisputed that such departure was in accordance with the call of her attorneys, and the need of her presence in Milwaukee to attend to litigation there pending (having no relation to the present suit), and that her stay was pro-

longed by delay of the hearing; that she engaged temporary rooms only, and had neither made nor negotiated for permanent arrangements, nor for any period beyond the month; that her household furniture was left in store at Chicago, where it had been stored for a year or more after she and her husband commenced boarding instead of housekeeping; that, while the defendant resided in Milwaukee prior to her marriage, her parents resided near Green Bay, Wisconsin, and no duty or obligation appears to recall her permanently to Milwaukee, although she has some property interests there, in charge of local attorneys. In addition to these facts, the defendant testifies that she had no intention when she came to Milwaukee to make it her permanent home, and her intention then was, and has constantly so remained, to return to Chicago when her business was completed, to retain her domicile there, in the expectation of future employment in the line of insurance work which her husband had carried on, and for which she has since obtained promise. The only testimony offered in opposition to this showing is that of Mr. Stone and Mr. Roemer, who were respectively attorney and agent for the complainant, reciting a conversation had with the defendant in connection with their call upon her in Milwaukee in reference to a tender for the purpose of the present suit, while awaiting the presence or advice of her counsel, wherein her answer to the inquiry "as to what her intentions were as to making Milwaukee her home" was, in substance, that she was lonesome in Chicago, having no relations there, and "intended to make Milwaukee her home." The defendant merely denies recollection of any such remark; but, in any view, the purported remark was not made under circumstances to constitute an estoppel (Reynolds v. Adden, 136 U. S. 348, 352, 10 Sup. Ct. 843, 34 L. Ed. 360), and if made literally as stated, under the circumstances, cannot be treated as an impeachment or refutation of her testimony as to her actual intention, in view of the consistency of the latter with the undisputed facts. In accordance with this view, the plea must be sustained, and the bill dismissed for want of jurisdiction. It is so ordered.