JOSEPH H. LUNT *vs*. AETNA LIFE INSURANCE COMPANY OF HARTFORD.

Worcester.    September 21, 1925. — November 24, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Insurance*, Against liability. *Pleading, Civil*, Declaration. *Contract*, Construction.

Sections 112 and 113 of G. L. c. 175 do not make it necessary for one, insured against loss resulting from liability for damages due to the use of a motor vehicle, as a prerequisite to recovery on the policy of the amount of a judgment against him arising from such liability, to allege and prove that he has paid such judgment.

Where a policy of insurance in the general clause reads, "The . . . [insurer] does insure the Assured named and described, while the automobiles described are within the limits of the United States of America and Canada, subject to the provisions herein set forth," which sentence is followed by statements of loss against which the insurance is given and also of accidents against which no insurance is given, it is necessary for the insured in his declaration in an action upon the policy to state that the loss for which the action is brought did not arise from one of the accidents which the general clause of the policy states it does not cover.

CONTRACT upon a policy of insurance against loss due to liability for damages arising from the use of a certain motor vehicle.    Writ dated June 19, 1924.

The defendant demurred to the declaration on the grounds described in the opinion.    The demurrer was heard by *Qua*, J., and was sustained, and the action was reported to this court for determination of the correctness of that decision.

G. L. c. 175, §§ 112, 113, read as follows:

"Section 112. In respect to every contract of insurance made between a company and any person, by which such

person is insured against loss or damage on account of the bodily injury or death by accident of any person, for which loss or damage such person is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the insured of a final judgment against him for loss or damage or death occasioned by said casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the company and the insured after the said insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void.

"Section 113. Upon the recovery of a final judgment against any person by any person, including administrators or executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the company and the defendant, applied to the satisfaction of the judgment."

*C. E. Tupper*, (*A. T. Wall* with him,) for the plaintiff.

*C. C. Milton*, (*F. L. Riley* with him,) for the defendant.

CARROLL, J. The defendant's demurrer to the plaintiff's declaration was sustained in the Superior Court, and the case was reported to this court.

The plaintiff alleges in his declaration, in substance, that the defendant "made to him" a policy of insurance, "hereto annexed" in the sum of $10,000, against loss from liability for damages for death or bodily injury suffered by any person by means "of the vehicles for which a charge is made in the premium, and the use thereof . . . while in charge of the plaintiff or his agents," from April 16, 1921, to April 16, 1922, "according to the verdicts and judgments in certain cases herein described"; that in June, 1921, one Peterson "so received and suffered bodily injuries" and recovered a judgment for $20,000 in an action against the plaintiff; that one Ekberg also brought an action against the plaintiff for injuries sustained on the same date and recovered a judg-

ment of $5,000; that other persons also brought actions against the plaintiff for injuries "so received" and recovered judgments respectively "approximating $5,000"; that the plaintiff seasonably notified the defendant of the claims of the injured plaintiff; that the defendant "did come in and defend said actions which actions and trials resulted in verdicts and judgments against the plaintiff as aforesaid"; that the defendant was bound by the terms of the policy to pay the plaintiff the amount of these judgments "to the extent and amount of its policy"; that the defendant has failed to pay according to the terms of the policy; and that the defendant owes the plaintiff the sum of $10,000 and interest, as provided in the policy.

The defendant's demurrer is based on two grounds: first, that there is no allegation in the declaration that the plaintiff has paid to the judgment creditors referred to in the declaration a sum equal to the amount of the policy; and second, that the plaintiff has not negatived the existence of the various conditions set forth in sub-paragraph (1) of the policy, particularly clause (c) thereof which refers to accidents to employees of the insured.

In support of the first ground of the demurrer the defendant relies on G. L. c. 175, §§ 112, 113. It contends that by this statute a person recovering a judgment against the insured becomes a beneficiary under the policy to the exclusion of the insured, unless it appears that the insured has paid the loss to the extent of the policy; that immediately on recovery of judgment against the plaintiff, the various creditors who had secured judgments against him had, under the terms of the statute, a lien on the amount due under the policy, as between the insured and insurer.

By G. L. c. 214, § 3, cl. 10, the injured party is given a remedy to reach and apply in equity, in satisfaction of a judgment for bodily injury, the obligation of an insurance company to the judgment debtor under a policy insuring him against liability "for loss or damage from such injury or death." In *Lorando* v. *Gethro*, 228 Mass. 181, St. 1914, c. 464, §§ 1, 2, (now in substance G. L. c. 175, §§ 112, 113; c. 214, § 3, cl. 10) were declared to be constitutional.

Section 112 provides in express terms that whenever a loss occurs on account of a casualty covered by the insurance contract the liability of the company shall become absolute, "and the payment of said loss shall not depend upon the satisfaction by the insured of a final judgment against him for loss or damage or death occasioned by said casualty." By these words of the statute, the insured's right to recover from the defendant does not depend upon his satisfaction of the judgments against him. The liability of the defendant to the plaintiff becomes absolute when the loss occurred by reason of the casualty, and the payment to the plaintiff does not depend upon his satisfaction of the judgments. If the contention of the defendant were sound, the insured might receive little, if any, benefit from the insurance; he might be without means to satisfy the judgment. As was said in *Lorando* v. *Gethro, supra,* at page 189, the statute (G. L. c. 175, §§ 112, 113) is designed "to afford to the insured of modest resources the direct benefit of his insurance. It well might be a practical impossibility for an insured who has complied with every other term of his contract and has paid all premiums demanded by the insured, first to pay the loss and damage for which he was liable and against which he was insured. The man without capital or credit might be powerless to meet his obligation and put himself in position to recover against the insurer." This construction of the statute was adhered to in the amendment of St. 1923, c. 149, § 1, which enacted that the satisfaction by the insured of a final judgment for loss or damage, shall not be a condition precedent of the duty of the insurer to make payment for the loss or damage. In fact one of the purposes of the statute (G. L. c. 175, §§ 112, 113) was to prevent the enforcement of conditions in policies requiring that no action should lie against the insurer until the judgment against the insured had been satisfied. *Lorando* v. *Gethro, supra,* at pages 186, 187. The defendant's contention as to the payment of loss is contrary to the terms of the statute. *Lorando* v. *Gethro, supra.*

The company is not exposed to a double liability because of this statute. The injured party can have the insurance

applied to the satisfaction of his judgment against the insured. He has a temporary lien upon this insurance money and may enforce the lien by the usual remedies of a judgment creditor, *Lorando* v. *Gethro, supra,* or by G. L. c. 214, § 3, cl. 10; see G. L. c. 246, § 33. The statute gives the judgment creditor a valuable right which he can put into execution if he desires, but the plaintiff is not required to satisfy the judgment before he can recover against the defendant. Nothing contrary to what has been said was decided in *Cogliano* v. *Ferguson,* 245 Mass. 364. As the plaintiff was not obliged to allege and prove the satisfactions of the judgments the demurrer could not be sustained on the first ground relied on by the defendant.

The demurrer was also sustained on the second ground, the plaintiff's declaration failing to negative various conditions which the court ruled were to be treated as exceptions limiting the scope of liability. The decision on this point depends on the language and structure of the policy. The governing principle is stated in *Commonwealth* v. *Hart,* 11 Cush. 130, at page 134, as follows: "The rule of pleading a statute which contains an exception is usually expressed thus: 'If there be an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but if there be an exception in a subsequent clause or subsequent statute, that is matter of defence, and is to be shown by the other party.' The same rule is applied in pleading a private instrument of contract. If such instrument contain in it, first, a general clause, and afterwards a separate and distinct clause which has the effect of taking out of the general clause something that would otherwise be included in it, a party, relying upon the general clause, in pleading, may set out that clause only, without noticing the separate and distinct clause which operates as an exception; but if the exception itself be incorporated in the general clause, then the party relying on it must, in pleading, state it together with the exception." This statement occurs in a criminal case, but the principle is the same in civil causes.

The policy provides:

"THE AETNA LIFE INSURANCE COMPANY
Does Insure

"The Assured named and described, while the automobiles described are within the limits of the United States of America and Canada, subject to the provisions herein set forth;

"AGAINST LOSS AND / OR EXPENSE ARISING OR RESULTING FROM CLAIMS upon the Assured for damages on account of bodily injuries and / or death accidentally suffered, or alleged to have been suffered, by any person or persons not hereinafter excepted, by reason of the ownership, maintenance and / or use of any of the automobiles described, provided such accidents or alleged accidents occur during the term of the policy, and provided further that:

"(1) The Company shall not be liable under this Clause of the policy for: (a) Accidents occurring while the automobiles described are being operated in any race or speed contest, or by any person in violation of law as to age or in any event under the age of sixteen years; (b) accidents to Assured's domestic or household servants while engaged in operating or caring for an automobile; (c) Accidents to any other employee of the Assured arising out of or in the usual course of the trade, business, profession or occupation of the Assured; (d) Any obligation assumed by or imposed upon the Assured by any Workmen's Compensation agreement, plan or law.

"(2) The Company's liability for loss on account of an accident resulting in bodily injuries and / or death to one person is limited to Five Thousand Dollars ($5,000); and, subject to the same limit for each person, the Company's total liability for loss on account of any one accident resulting in bodily injuries and / or death to more than one person is limited to Ten Thousand Dollars ($10,000)."

The exceptions in the policy were "incorporated in the general clause," and it was essential for the plaintiff to negative them. The contract of indemnity is not general and unlimited in its general statement and then cut down by later sentences or paragraphs. The contract of insurance is limited, in its initial statement, to damages suffered "by any

person or persons not hereinafter excepted." The scope of the indemnity cannot be ascertained without consideration of the persons who were excepted. The insurance does not apply to injuries sustained by all persons except those named or described: it is only for injuries sustained "by any person or persons not hereinafter excepted." The injuries insured against do not constitute "exceptions under an affirmation previously stated in general terms," to use the words of *Anthony* v. *Mercantile Mutual Accident Association*, 162 Mass. 354, 357.

The punctuation of the policy in the part already referred to shows that it was intended the words "persons not hereinafter excepted" are to be read as a part of the general clause, and not as a separate, subsequent clause. The enumeration of the person or persons excepted is not made a separate and distinct sentence or clause, but is incorporated into the first general clause, the separation being by a colon only, and not by a period. Punctuation "may be resorted to as an aid in construction when it tends to throw light on the meaning." *Nickels* v. *Scholl*, 228 Mass. 205, 209. *Commonwealth* v. *Kelley*, 177 Mass. 221. *Greenough* v. *Phoenix Ins. Co. of Hartford*, 206 Mass. 247, 251, 252.

The structure of the policy shows an ample number of succeeding provisos or conditions which under the rule in *Commonwealth* v. *Hart, supra*, would be matter of defence and, therefore, need not be negatived in the declaration. The fact that the exceptions as to persons are included in the stating part of the policy, instead of under some of the numerous provisions following, bears some indication that a different force from that of an ordinary proviso or condition was intended to be attributed to them.

As matter of authority the case at bar is distinguishable from the cases upon which reliance is placed by the plaintiff. In no one of them were the words or structure of the policy like the one here involved. In *Sohier* v. *Norwich Fire Ins. Co.* 11 Allen, 336, 337, the words of the policy, immediately after the words insuring the theatre, were "This policy not to cover any loss . . . which may originate in the theatre proper." It was held that the burden of proof that the loss

did not originate in the theatre was on the plaintiff. This case governs the case at bar. The plaintiff's declaration was demurrable on the second ground.

If the plaintiff is given permission in the Superior Court to amend his declaration negativing the conditions set out in subparagraph (1) of the policy within thirty days after the filing of the rescript, the case is to stand for trial; otherwise the demurrer is sustained and judgment is to be entered for the defendant.

*So ordered.*