## McGEE v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 2562.

Circuit Court of Appeals, First Circuit.

Nov. 28, 1931.

Alexander Murchie, of Concord, N. H., and Crawford D. Hening, of Berlin, N. H. (Murchie, Murchie & Blandin, of Concord, N. H., and Matthew J. Ryan, of Berlin, N. H., on the brief), for appellant.

Irving A. Hinkley, of Lancaster, N. H. (Merrill Shurtleff and Shurtleff & Hinkley, all of Lancaster, N. H., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

In this suit to recover under a liability insurance policy, jury was waived; on findings of fact and rulings of law, judgment was entered for the defendant.

The plaintiff was, in 1925 and 1926, a practicing physician and surgeon in Berlin, N. H. He had then outstanding from the defendant an insurance policy of $15,000, the provisions of which now material are as follows:

"(1) To indemnify the person named in statement No. 1 of the schedule of warranties and herein called the assured, against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered by any person or persons in consequence of any malpractice, error, or mistake—(2) of the assured in the practice of his profession during the term of this policy; * * *

(2) To defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether ground-

less or not, for damages on account of bodily injury or death suffered, or alleged to have been suffered by any person or persons in consequence of any malpractice, error or mistake—(2) of the assured in the practice of his profession during the term of this policy; * * * subject to the following conditions: (Fourteen conditions are recited of which the 7th and 12th are as follows:)

" "7. The assured shall not voluntarily assume any liability, nor, without the written consent of the company previously given, incur any expense; nor, except at its own cost, settle any claims; nor interfere in any negotiations or legal proceedings conducted by the company on account of any claim.

" '12. No action shall be brought against the company under or by reason of this policy unless it shall be brought by the assured for a loss sustained by reason of a suit against the assured for damages in which final judgment has been rendered, and within ninety days from the date of such judgment.' "

In October, 1925, George Hawkins brought a suit against the appellant in the superior court of Coos county, N. H. The declaration in his writ contains two counts, as follows:

"In a plea of assumpsit, for the defendant at Berlin on the 21st day of January 1922, in consideration that the plaintiff at his request, employed him, being then and there a physician and surgeon, to operate, graft skin upon, cure and heal, the plaintiff's right hand, which before that time had been burnt, and a scar tissue had formed; promised the plaintiff to use due care and skill in the treatment of said hand, to operate and remove said scar tissue, and to graft in place thereof, new skin tissue, cure and heal the wound in a skillful and proper manner; and thereupon entered upon the treatment of said hand on January 21, 1922, at said Berlin.

"Yet the defendant, though requested, did not use due skill and care in the treatment of said hand, to operate to remove the scar tissues therein, to graft new skin tissue, to cure and heal said new tissue in a skillful and proper manner, but so unskillfully and negligently operated and treated the same that by his unskillfulness and negligence, the new tissue grafted upon said hand became matted, unsightly, and so healed and attached to said hand as to practically fill the hand with an unsightly growth, restricting the motion of the plaintiff's hand so that said hand has become useless to the plaintiff wherein, previous to said operation by the said defendant, it was a practical, useful hand, all through the negligence and unskillful treatment of said defendant and to the damage of the plaintiff as he claims in the sum of $10,000."

"And in a further plea of assumpsit, for that the defendant, in Berlin, on the 21st day of January, 1922, promised the plaintiff that he was possessed of the skill necessary to properly operate upon his right hand aforesaid, and that the defendant would not be obliged to remain in the hospital for a longer period than six days, and that the scar to be left upon that part of the body wherein said defendant stated he would graft said new skin, would be a small scar, and would hardly be noticeable after healing, and that the plaintiff further avers that relying upon said promises as aforesaid, he consented to be treated by the said defendant as aforesaid, and the plaintiff says further that the defendant did not possess the skill that he held himself out to possess, but that he experimented upon said plaintiff, and that by reason of said operation, the plaintiff was laid up in said hospital for a long time, to wit, three months, that the scar left upon the chest of the plaintiff is a long, large, unsightly scar, and that the hand of said plaintiff has been made useless, and that the results are not as promised him by the said defendant, and that if the plaintiff had not relied on the several promises of the defendant, he would not have submitted to said operation. All to the damage of the plaintiff, as he says, in the sum of $10,000."

The defense of this suit was undertaken and conducted by the appellee, until December, 1926. At the first trial, the jury disagreed. In December, 1926, the case came on for another trial, before Judge Scammon and a jury. At the close of the plaintiff's evidence, on defendant's motion, the court directed a verdict for defendant on the first count, but denied the motion as to the second count. Pending the court's order on this motion, the Guaranty Company served, on December 17, 1926, a notice on Dr. McGee, as follows:

"This is to notify you that in the event that a nonsuit is ordered on the count in negligence in the suit of George Hawkins v. Dr. E. R. B. McGee, the United States Fidelity & Guaranty Company, the insurer of Dr. McGee, disclaims any liability to reimburse the said Dr. McGee for any damages or costs awarded to the said George Hawkins based on a finding of the jury that Dr. McGee guaranteed the result of the operation

on said George Hawkins, claiming that its policy does not cover cases where the Doctor makes a contract to perfect a cure or guarantees the result of his treatment, and you are notified that the Company is not waiving any of its rights under said policy or any of its rights in law or equity by reason of the fact that Irving A. Hinkley counsel for the said Insurance Company continues to participate in the trial after the issue of negligence has been taken from the jury."

The trial proceeded on the second count, counsel for the Guaranty Company continuing to assist counsel for Dr. McGee, so that the jury would not be prejudiced by his withdrawal. The result of the trial on the second count was a verdict for Hawkins for $3,000. Dr. McGee saved numerous exceptions.

On motion before Judge Scammon, the Hawkins verdict was set aside, on the ground that the damage was excessive. But this ruling was, on Hawkins' exceptions, reversed by the New Hampshire court, Hawkins v. McGee, 84 N. H. 114, 146 A. 641.

On December 22, 1926, appellant's attorney addressed to the Guaranty Company's agent a letter of protest against the attitude of the Guaranty Company, sufficiently asserting the appellant's present contention of the Guaranty Company's full liability under the policy.

Just prior to a third trial, McGee notified the Guaranty Company's agent that the claim against him could be adjusted for $1,-400; that the company might proceed at its own risk with the trial and defense of the suit; that, if it refused so to do, McGee proposed to purchase his peace by paying this $1,400, and would look to the Guaranty Company for payment of said sum and his expenses.

The company refused; McGee settled the Hawkins suit for $1,400; and brought this suit to recover the $1,400 and his expenses, mostly attorney's fees. The court found that, if entitled to recover, he is entitled to judgment for $4,248.48.

The finding of controlling importance is as follows:

"In the Hawkins Case Dr. McGee's liability resulted not from the implied contract applicable to every physician in the treatment of his patient but because of the special contract to give his patient 'a perfect hand one hundred per cent good.' (Plff's Ex. 36, p. 27.)

"In the submission of the Hawkins Case to the jury the only question submitted by Judge Scammon was whether or not Dr. McGee made a special contract and if so did he fail in its performance and what were the damages. This is made clear from a perusal of Judge Scammon's charge.

"The jury found that such a special contract was made and that the Doctor failed to perform. These findings have not been controverted in this action. It follows that the expenses herein sought to be recovered resulted from the findings of a jury that there was a special contract between Dr. McGee and his patient and not because of 'malpractice, error or mistake' in treatment."

The court ruled that the policy in question did not extend to such special contract, and therefore entered judgment for the defendant.

Plaintiff's main contention is that, by assuming the defense of the Hawkins suit, the appellee is now estopped to claim nonliability under the policy. This contention was not made before the District Court. It is at least doubtful whether it is open on this appeal. Harding v. Federal Nat. Bank (C. C. A.) 31 F.(2d) 914; Candal De Lopez v. Sociedad Espanola (C. C. A.) 45 F.(2d) 331. We resolve serious doubt in appellant's favor and deal with the case broadly.

The findings of the District Court negative the facts essential for an estoppel.

The appellant was not prejudiced by the original assumption by the defendant of the defense of the Hawkins suit, nor by the time and manner of its subsequent disclaimer. See 2 May on Insurance, § 507; Reynolds v. Adden, 136 U. S. 348, 10 S. Ct. 843, 34 L. Ed. 360; Burton v. Berthold (C. C. A. 2) 166 F. 416; Agency of Canadian Car & Foundry Co. v. Pennsylvania Iron Works Co. (C. C. A. 3) 256 F. 339; Feick v. Stephens (C. C. A. 6) 250 F. 185; Grouf v. State Nat. Bank (C. C. A. 8) 40 F.(2d) 2, 7.

The appellant had his own counsel in court at both trials, and defendant's counsel remained in, and active at, the trial under the count construed by the New Hampshire courts as setting up a special contract. There was at that time no prejudice, either by act or word, to the appellant's rights. Compare Lunt v. Life Insurance Co., 253 Mass. 610, 149 N. E. 660; Sturm v. Boker, 150 U. S. 312, 335, 14 S. Ct. 99, 37 L. Ed. 1093; Meyers v. Continental Casualty Co. (C. C. A.) 12 F.(2d) 52, and cases cited on page 56.

The Hawkins declaration plainly called upon the appellee to take charge of the defense. This it did, until the trial court gave such construction to count 2 of the declaration as to put Dr. McGee's liability thereunder outside the scope of his insurance policy. Then it rightfully gave notice of disclaimer, but refrained from any act possibly prejudicial to the insured's liability under this special contract. There was no estoppel.

On the facts in this record, we cannot accept the contention of appellant's learned counsel—that the insurance company's original assumption of the defense of the Hawkins suit was such construction of the policy by contemporaneous acts as to estop it from subsequently denying liability under the special contract found to have been made by the appellant.

The court below was plainly right in ruling that defendant's policy did not cover Dr. McGee's liability under a special contract so to cure Hawkins "that he should have a perfect hand, one hundred per cent good."

The judgment of the District Court is affirmed, with costs.