**JENNINGS v. FANTI.**

**Civ. A. No. 3873.**

United States District Court
M. D. Pennsylvania.
March 9, 1951.

R. Carl Griffith, William J. Oliver, Scranton, Pa., for plaintiff.

Ivo V. Giannini, Wilkes-Barre, Pa., for defendant.

WATSON, Chief Judge.

This is an action by Emerson P. Jennings, plaintiff, to recover damages for goods and equipment stored with the defendant by the plaintiff under an alleged bailment contract. The jurisdiction of this Court is invoked on the basis of diversity of citizenship and the proper jurisdictional amount. The amended complaint alleges that plaintiff is a citizen and resident of New York and that defendant is a citizen and resident of Pennsylvania. Defendant filed a motion to dismiss the action on the ground that there is no diversity of citizenship, that plaintiff is a citizen of Pennsylvania and not of New York as alleged in the complaint. A hearing was held and testimony taken.

It is conceded that plaintiff was a citizen of Pennsylvania in the year 1939. In 1940, plaintiff moved to New York City with his wife and began work with the New York Daily News in New York City. Plaintiff and his wife lived at various addresses in New York City from 1940 to 1949, with their last residence in an apartment at 163rd Street and Fort Washington Avenue.

During these years, plaintiff paid a resident New York state income tax, was a registered voter in the state, owned an automobile registered in New York, had

a New York automobile operator's license and listed New York City as his residence on his federal income tax returns.

In June, 1949, plaintiff's wife moved to Lehighton, Pennsylvania, and established her residence in a house purchased by plaintiff and his wife at that time. Plaintiff continued to reside and work in New York City, but had moved to a room in the Y. M. C. A. at 47th Street in New York City, where he lives at the present time.

■ Domicile and citizenship may be taken as synonymous. Residence in fact, coupled with the purpose or intent to make the place of residence one's home, are the essential elements of domicile. Greene v. Keim, D.C.E.D.Pa.1948, 74 F.Supp. 950. Domicile to a large extent is a question of intention, and though intent is an elusive fact, a person's acts and course of conduct afford the most satisfactory evidence of intention.

■■ It is clear from the evidence presented that plaintiff intended to effect a change of domicile when he moved from Pennsylvania to New York in 1939. He and his wife established a residence in fact in New York and it is evident that it was their purpose to make that residence their home. Domicile having been established in New York, it is presumed to continue until it is shown to have been changed.

The only question which presents itself is whether there was a change of domicile to Pennsylvania in 1949 when Mrs. Jennings moved to Lehighton, Pennsylvania, and established her residence there.

The evidence shows that plaintiff and his wife own the house in which Mrs. Jennings resides and that plaintiff's name appears in a current Lehighton telephone directory as a resident subscriber. Plaintiff admits that he spends the weekends with his wife in Lehighton. Plaintiff, however, denies that he had any intention of changing his domicile from New York to that of Pennsylvania.

■ To constitute a change in domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there. The change cannot be made except *facto et animo*. Both are necessary. Either without the other is insufficient. Mitchell v. U. S., 21 Wall. 350, 88 U.S. 350, 22 L.Ed. 584. Though plaintiff and his wife purchased a house in Lehighton, Mrs. Jennings' residence in Pennslyvania was apparently a matter of convenience for her. Her children and grandchildren reside in Lehighton and it was her wish to be near them and to which desire plaintiff acceded. Though Mrs. Jennings has established a residence in Pennsylvania, it does not necessarily follow that plaintiff has done likewise. Plaintiff has continued to work and reside in New York and it cannot be said that the week-end visits which plaintiff makes to Lehighton are sufficient to constitute residence in fact in Pennsylvania.

■ However, aside from the factum of residence, the evidence is not sufficient to warrant any inference that it was plaintiff's intent to establish his domicile in Pennsylvania once again. The fact that plaintiff and his wife purchased a home in Lehighton may very well indicate an intent to reside there himself at some date in the future, but it is not the intention of making it his home in the future which is determinative. It is the intention of making it his present home which is required to effect a change of domicile.[1] Plaintiff has continued to identify himself with the state of New York and has maintained his political and social obligations and rights in that state. He is still employed in New York, pays a New York state resident income tax, has a New York driver's license, his automobile is registered in New York and he is still a registered voter in New York. Though these facts do not conclusively establish plaintiff's domicile to be that of New York, the evidence is sufficient to warrant this Court in holding that plaintiff did not intend to change his domicile from New York to Pennsylvania.

---

1. Spurgeon v. Mission State Bank, 8 Cir., 151 F.2d 702, certiorari denied, 1945, 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009.

This Court finds as a fact that Emerson P. Jennings, the plaintiff, became a citizen of New York State in 1940 and has continued to be such and was a citizen of New York State when this suit was commenced.

An appropriate order denying the motion to dismiss will be filed herewith.

