**William L. MICHELSON, Plaintiff,**

v.

**EXXON RESEARCH AND ENGINEERING COMPANY, et al., Defendants.**

**Civ. A. No. 83–309 ERIE.**

United States District Court,
Western District of Pennsylvania.

Jan. 18, 1984.

Paul J. McArdle, Pittsburgh, Pa., for plaintiff.

John J. Myers, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

Plaintiff, claiming diversity jurisdiction, filed a multicount complaint against his former employer and certain other employees, another corporation and its employee, alleging defamation, interference with contractual relations, and wrongful discharge.

Plaintiff is a Pennsylvania citizen. He alleges that all defendants are citizens of other states.

Defendants have moved to dismiss for want of subject matter jurisdiction, and to dismiss as to certain defendants for want of *in personam* jurisdiction. Because the subject matter jurisdiction question would be dispositive of the whole suit we will consider it first.

■ Defendants' Motion to Dismiss is based on a detailed affidavit of one of the defendants, Kelly, that he is a citizen of Pennsylvania, the same state as is plaintiff, that he was born in Pennsylvania, and that he has always lived in Pennsylvania, except for temporary work assignments elsewhere, that he owns a home in Pennsylvania, that his wife and children reside at his home in Pennsylvania, that his younger children attend the local public schools in Pennsylvania, and that he pays real estate taxes in Pennsylvania. He further avers that he is temporarily assigned by his employer, the Exxon defendant herein, as a project inspector in California, that under his Temporary Duty Assignment Contract with his employer he returns to his home and family in Pennsylvania at three week intervals at his employers expense, and that his employer reimburses him for the difference between the higher California income tax, which he is required by law to pay, and the income tax which he would have been required to pay on that income in Pennsylvania. Finally, he avers that he fully intends to continue as a domiciliary of Pennsylvania and to reside there when he is not on temporary assignment by his employer. These facts, if uncontroverted, are sufficient to establish Pennsylvania citizenship.

■ A federal test is applied in determining domicile for the purposes of diversity, *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir. 1980).

■ Mere residence in a state is not enough for the purposes of diversity, *Sun Printing & Pub., Assn. v. Edwards*, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027 (1904). The concept of "domicile" is controlling, *Reynolds v. Adden*, 136 U.S. 348, 10 S.Ct. 843, 34 L.Ed. 360 (1890). A person's domicile is that place where he has his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. *Stine v. Moore*, 213 F.2d 446 (5th Cir.1954), Wright, *Law of Federal Courts*, (4th Ed.1983) P. 146; 13 Wright, Miller & Cooper Jurisdiction, § 3612.

■ The burden of proof of jurisdiction rests upon the party alleging it. Faced with that obligation the plaintiff must meet any attack on jurisdiction by evidence sufficient to overcome it. Federal Rule of Civil Procedure 12(c) says that when matters outside the pleadings are presented in support of a motion for judgment on the pleadings the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.

Rule 56 provides that when such a motion is made and supported by evidentiary material the opposing party may not rest on mere allegations or denials, but his response by affidavits or otherwise must set forth specific facts showing that there is a genuine issue for trial.

The plaintiff, in response to the motion has submitted his own affidavit, to the effect that defendant Kelly was residing in California for two years prior to his suit and paid income taxes there. These facts do not controvert the facts stated in Kelly's affidavit, and do not establish the existence of a controverted issue of fact. There is therefore no need for an evidentiary hearing on this matter. Under Rule 56 the moving party is entitled to judgment as a matter of law.

The rule of complete diversity to support federal jurisdiction is of long standing, stemming from the opinion of Chief Justice John Marshall in *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) and has been followed consistently in federal jurisprudence. There being one non-diverse party defendant here our jurisdiction fails.

Having reached this determination it is unnecessary to consider defendants' other grounds of lack of *in personam* jurisdiction over various other defendants who claim that they are not subject to long-arm service of process from a Court sitting in Pennsylvania.

The motion to dismiss will be granted.