Yvonne WALLS, As Executrix of the Estate of Teresa Lynn Bastiand, and Jacque Ramon Ahmadi, A Minor, by Said Mohammad Ahmadi, his parent and Guardian, Plaintiffs,

v.

Khalil AHMED, William R. White, Mark Matsinger, and Matsinger Enterprises, Inc., Defendants.

Civ. A. No. 93–0108.

United States District Court, E.D. Pennsylvania.

Sept. 24, 1993.

David J. Stutman, Joseph Smukler, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for plaintiffs.

Harvey E. Little, Margolis, Edelstein & Scherlis, Dawn R. Courtney, Marks, Kent & O'Neill, P.C., Cynthia Horn, Fox, Rothschild, O'Brien & Frankel, John R. McHaffie, Frayne & Hatzell, Philadelphia, PA, for defendants.

### MEMORANDUM

KATZ, District Judge.

Defendant, Khalil Ahmed, contends in his trial brief that there is no subject matter jurisdiction in this case. This is a wrongful death, 42 Pa.C.S.A. § 8301, and survival action, 42 Pa.C.S.A. § 8302, that arises out of a multi-vehicle accident (the "Accident") that occurred on August 3, 1992 in Pennsylvania.

**1.** The plaintiffs in this action are Yvonne Walls, as executrix of the Estate of the Decedent, and the Decedent's child, Jacque Ramon Ahmadi, a minor and citizen of Virginia, by his guardian, Said Mohammad Ahmadi.

**2.** The defendants in this action are Khalil Ahmed, a New Jersey citizen, William R. White, a Pennsylvania citizen, and Matsinger Enterprises, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania.

This Accident resulted in the death of Teresa Lynn Bastiand (the "Decedent"). The Decedent was traveling from her former home in New Jersey to her new home in Florida when the Accident occurred. Jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332(a).

The plaintiffs'[1] assertion that the Decedent was a citizen of Florida is essential to diversity jurisdiction since the defendants[2] are citizens of New Jersey and Pennsylvania. 28 U.S.C. § 1332(a)(1). The issue is whether the fact that the Decedent had not completed moving to her new home precludes her from being a citizen of the state she considered her permanent home.

The case is presently on trial and I have heard the evidence pertaining to jurisdiction.

### I. Legal Standard

Lack of subject matter jurisdiction is a ground for dismissal and may be raised at any time by the parties or by the court *sua sponte*.[3] *See Liakakos v. CIGNA Corp.*, 704 F.Supp. 583 (E.D.Pa.1988). "In order to sustain jurisdiction based on diversity of the parties, there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *Employers Ins. of Wausau v. Crown Cork and Seal Co.*, 905 F.2d 42, 45 (3d Cir.1990). If one of the defendants is a citizen of the same state as any of the plaintiffs, complete diversity is lacking. *See City of Harrisburg v. International Surplus Lines Ins. Co.*, 596 F.Supp. 954 (E.D.Pa.1984), *aff'd* 770 F.2d 1067 (3d Cir.1985). The legal representative of a decedent's estate is deemed to be a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2).[4]

**3.** "The burden of persuasion as to diversity jurisdiction remains at all time on the proponent of jurisdiction." *Liakakos v. CIGNA Corp.*, 704 F.Supp. 583, 586 (E.D.Pa.1988); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

**4.** 28 U.S.C. § 1332(c)(2) provides:

[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the

Mere residence in a state is not sufficient to establish citizenship for purposes of diversity. *Sun Printing & Pub. Assn. v. Edwards*, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027 (1904). The concept of "domicile" is controlling. *Reynolds v. Adden*, 136 U.S. 348, 349–351, 10 S.Ct. 843, 843–844, 34 L.Ed. 360 (1890). The test for determining domicile centers on two factors: (1) the intent of the person in question to make a particular location their permanent home, and (2) physical presence. *Jennings v. Fanti*, 96 F.Supp. 264 (M.D.Pa.1951); Wright, *Law of Federal Courts*, (4th Ed.1983). In other words, "[a] person's domicile is that place where he has his true fixed and permanent home and principal establishment, and to which he is has the intention of returning whenever he is absent therefrom." *Michelson v. Exxon Research and Engineering Co.*, 578 F.Supp. 289 (W.D.Pa.), *aff'd*, 745 F.2d 47 (3d Cir.1984) (citations omitted). Moreover, a person may be a domiciliary of only one state. *Williamson v. Ostenton*, 232 U.S. 619, 625, 34 S.Ct. 442, 443, 58 L.Ed. 758 (1914).

Where a person changes his state of residence, a presumption in favor of the original domicile arises. *See e.g. Coggins v. Carpenter*, 468 F.Supp. 270, 277 (E.D.Pa.1979) (citing *Hamlin v. Holland*, 256 F.Supp. 25, 27 (E.D.Pa.1966)).[5] However, no minimum residence time period exists before a person can establish a new domicile. *Id; see also* Restatement (Second), Conflict of Laws § 16.[6] With these principles in mind the court makes the following findings of fact and conclusions of law.

## II. Relevant Facts [7]

The defendants were citizens of New Jersey and Pennsylvania, and plaintiff Jacque Ahmadi was a citizen of Virginia at the time the Complaint was filed.[8]

At the time of the Accident, the Decedent was in the final phase of moving her personal property from New Jersey to Florida.

The court finds clear evidence that the Decedent intended Pt. St. Lucie, Florida to be her permanent home. Florida was the center of the Decedent's domestic, social and civil life. For example:

1. Decedent purchased a lot in Pt. St. Lucie in August 1991;

2. In November 1991, Decedent executed an agreement of sale, a mortgage, and arranged to have a home built on this lot;

3. Decedent oversaw the construction of this home;

4. Decedent inspected the homesite during construction;

5. She enrolled her son in school in Florida;

6. She arranged for telephone service and obtained an operating phone number;

7. The van Decedent rented to transfer her personal property to Florida was rented on one-way terms;

legal representative of an infant or incompetent shall be deemed to be a citizen of only the same State as the infant or incompetent.

**5.** "Where the proponent of diversity contends that there has been a change of citizenship of one of the litigants, the effect of the presumption in favor of the former domicile is to raise the standard of proof that the proponent must bear." *Avins v. Hannum*, 497 F.Supp. 930 (E.D.Pa. 1980). The proponent must then prove that the change of citizenship by clear and convincing proof. *Id.* (citing *Herzog v. Herzog*, 333 F.Supp. 477, 478 (W.D.Pa.1971)).

**6.** The presumption in favor of the former or original domicile has been alternatively de-

scribed as, "the presumption that a domicile, once established, continues until it is changed." 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction*, § 3611, at 711.

**7.** In investigating disputes over diversity jurisdiction the court must consider the surrounding circumstances and must view all relevant factors. *Coggins*, 468 F.Supp. at 277 (citing *Krasnov v. Dinan*, 465 F.2d 1298 (3d Cir.1972)).

**8.** For purposes of diversity jurisdiction, the relevant date for determining domicile and thus citizenship is the date on which the complaint is filed. *See e.g. Hakkila v. Consolidated Edison of New York, Inc.*, 745 F.Supp. 988 (S.D.N.Y.1990).

8. The Decedent expressed her belief that Florida was her permanent home;[9] and,

9. The Decedent obtained employment in Florida.

In addition to the substantial step of purchasing a home in Florida, she spent a significant amount of time in Florida. She made a considerable physical and emotional commitment to Florida. The court finds that the Decedent established a significant and lasting physical presence in Florida and abandoned her home in New Jersey.

## III. Conclusions of Law

After finding that (1) the Decedent intended that Florida be her permanent home, (2) the Decedent had a physical presence in Florida, and (3) the Decedent abandoned of her former domicile, the court concludes the Decedent was a citizen of Florida at the time of her death. Therefore, her personal representative is deemed to be a citizen of Florida, 28 U.S.C. § 1332(c)(2), and the necessary conditions for diversity exist. *Wausau*, 905 F.2d at 45.

In support of the position that the decedent should be adjudged a citizen of New Jersey, defendant Ahmed makes two points. First, he notes the presumption in favor of the original or former domicile. Defendant Ahmed's Trial Brief at 4. Here, the uncontroverted facts establishing the Decedent's intent to make her permanent home in Florida and her physical presence in Florida are sufficient to overcome this presumption. *See e.g. Osborne v. Baker*, 516 F.Supp. 637 (W.D.Pa.1981).

Second, defendant Ahmed asserts that Restatement (Second) of Conflict of Laws § 19 cmt. a, illus. 4 (1969), which reads:

> 4. A, having a domicil in state X, decides to make his home in state Y. He leaves X and is on his way to Y but has not yet reached Y. His domicil is in X.

is identical to the issue in this case and dictates that the Decedent should be considered a citizen of New Jersey. This assertion is unpersuasive.

The situation here is not identical to the situation described in Illustration 4. Here, contrary to the assumption implicit in Illustration 4, the Decedent had established a "home" in Florida, and had "reached" Florida on many prior occasions.[10] Additionally, the Restatement notes "As between two homes, a person's principal home is that to which he is more closely related, or stated in other words, that which is *more nearly the center of his domestic, social and civil life.* Restatement (Second) of Conflict of Laws § 20 cmt. b (1969) (emphasis added). Here, the Decedent's domestic, social and civil life were centered in Florida.

## IV. Conclusion

The court finds the diversity requirements of 28 U.S.C. § 1332 to be satisfied. Each of the plaintiffs is a citizen of a different state from all of the defendants.

---

9. Ms. Walls testified that the Decedent stated that she had given up on New Jersey and that Ms. Walls should move to Florida so the two of them could be together.

10. Additionally, when Illustration 4 of § 19 is read in the context of Illustrations 1–3, it becomes clear that Illustration 4 is intended as an example of the principle that a person must exhibit a physical presence in a state to become a domiciliary of that state.