## SUN PRINTING AND PUBLISHING ASSOCIATION *v.* EDWARDS.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 239.  Argued April 20, 1904.—Decided May 16, 1904.

An allegation in the complaint, which is admitted by the answer that defendant is a domestic corporation duly organized and existing under the laws of a designated State and having its principal office therein is a sufficient averment as to defendant's citizenship.

In determining, on certified question of jurisdiction from the Circuit Court of Appeals, whether diverse citizenship exists, the whole record may be looked to for the purpose of curing a defective averment, and if the requisite citizenship is anywhere averred in the record, or facts are therein stated which in legal intendment constitute such allegation, that is sufficient.

Where the court is satisfied, in the light of all the testimony, that an averment of residence in a designated *State* was intended to mean, and, reasonably construed must be interpreted as averring, that plaintiff was a *citizen* of that State, it is sufficient.

THE facts, which involved the sufficiency of averments and proof of diverse citizenship to maintain the jurisdiction of the United States Circuit Court, are stated in the opinion of the court.

*Mr. Franklin Bartlett* for plaintiff in error:

The complaint is defective. Citizenship and residence are not synonymous terms, *Parker* v. *Overman,* 18 How. 141; *Robertson* v. *Cease,* 97 U. S. 648; *Abercrombie* v. *Dupuis,* 1 Cr. 343; *Bingham* v. *Cabot,* 3 Dall. 382; *Wood* v. *Wagnon,* 2 Cr. 9; *Capron* v. *Van Noorden,* 2 Cr. 126; *Brown* v. *Keene,* 8 Pet. 112; *Hornthal* v. *Collector,* 9 Wall. 560; *Grace* v. *Am. Cent. Ins. Co.,* 109 U. S. 283; *Bors* v. *Preston,* 111 U. S. 255; *Everhart* v. *College,* 120 U. S. 223; *Menard* v. *Goggan,* 121 U. S. 253; *Denny* v. *Pironi,* 141 U. S. 123.

The record fails to disclose diverse citizenship. *Ex parte Smith,* 94 U. S. 455; *Gibson* v. *Bruce,* 108 U. S. 561; *Enshei-*

mer v. *New Orleans,* 186 U. S. 44; *Continental Ins Co.* v. *Rhoads,* 119 U. S. 237; *Peper* v. *Fordyce,* 119 U. S. 471; *Thayer* v. *Life Association,* 112 U. S. 717.

It is error for the Circuit Court to proceed unless its jurisdiction be shown. *Railway Co.* v. *Swan,* 111 U. S. 379; *Horne* v. *Geo. H. Hammond Co.,* 155 U. S. 393; *Construction Co.* v. *Gibney,* 160 U. S. 219, 239.

A party cannot by proceedings in the Circuit Court waive a question of jurisdiction in that court so as to prevent its being raised and passed on in the Supreme Court of the United States. *Railway Co.* v. *Swan, supra; Metcalf* v. *Watertown,* 128 U. S. 589; *Parker* v. *Ormsby,* 141 U. S. 81, 83.

An argumentative inference is not permitted. *Bernards Township* v. *Stebbins,* 109 U. S. 353; *Shreveport* v. *Cole,* 129 U. S. 44. There is no evidence that defendant in error lived in Delaware. *Stevens* v. *Nichols,* 130 U. S. 231; *Jackson* v. *Allen,* 132 U. S. 34.

*Brown* v. *Keene,* 8 Peters, 112, is fatal to argument of defendant in error; a permanent domicil is not equivalent to citizenship. *United States* v. *Wong Kim Ark,* 169 U. S. 649. The place of business of a corporation is not a test of residence. *Guinn* v. *Iowa Central R. Co.,* 14 Fed. Rep. 323; *N. Y. &c. R. R. Co.* v. *Hyde,* 56 Fed. Rep. 188.

*Mr. Thomas F. Bayard* for defendant in error:

If the diversity of citizenship affirmatively appears upon the record, the jurisdiction of the Circuit Court must be affirmed. *Robertson* v. *Cease,* 97 U. S. 646; *Grace* v. *American &c. Ins. Co.,* 109 U. S. 278; *Peper* v. *Fordyce,* 119 U. S. 469; *Continental Ins. Co.* v. *Rhoads,* 119 U. S. 237.

It affirmatively appears upon the record that the plaintiff in error is a citizen of the State of New York in the Southern District of New York.

An affirmative averment that one of the parties is a corporation, duly organized and existing under the laws of a certain State, is a sufficient allegation to establish the citizen-

ship of the party in that State. *Louisville R. R. Co.* v. *Letson,* 2 Howard, 497, 558; *Marshall* v. *B. & O. R. R.,* 16 Howard, 314, 329; *Express Co.* v. *Kountze,* 8 Wallace, 342, 351; *Muller* v. *Dows,* 94 U. S. 444, 445; Black's Dillon on Removal of Causes, sec. 178; Foster's Federal Practice, sec. 19, p. 67, 3d ed.

It affirmatively appears upon the record that defendant in error is a citizen of the State of Delaware. *Poppenhauser* v. *Rubber Co.,* 14 Fed. Rep. 707; Carter on Jurisdiction of Federal Courts, 18, 19; Story on Conflict of Laws, sec. 44; Wharton on Conflict of Laws, sec. 21, 2d ed.; *Mitchell* v. *United States,* 21 Wall. 350; *Anderson* v. *Watt,* 138 U. S. 694, 706; *Rucker* v. *Bolles,* 80 Fed. Rep. 504, 508; *Marks* v. *Marks,* 75 Fed. Rep. 321; *Butler* v. *Farnsworth,* 4 Wash. C. C. 101; *Morris* v. *Gilmer,* 129 U. S. 315.

Defendant in error was not a citizen of New York where plaintiff in error resided. *Cooper* v. *Galbraith,* 3 Wash. C. C. 546, 553; *Dickerman* v. *Trust Co.,* 176 U. S. 181; Jacobs on Domicile, sec. 134; *Winn* v. *Gilmer,* 27 Fed. Rep. 817; Story's Conflict of Laws, secs. 47, 48; Wharton's Conflict of Laws, sec. 58; Dicey's Conflict of Law, ch. II, rule 2; *Guier* v. *O'Daniel,* 1 Binney (Pa.), 350; Bluntschli, National Law Codified, sec. 394.

MR. JUSTICE WHITE delivered the opinion of the court.

The certificate of the United States Circuit Court of Appeals for the Second Circuit is as follows:

" This cause comes here upon a writ of error to review a judgment of the Circuit Court, Southern District of New York, entered upon the verdict of a jury in favor of defendant in error, who was plaintiff below. Upon examination of the record it appears that, in addition to various questions as to the merits of the controversy which are presented by the assignments of error, the jurisdiction of the Circuit Court is in issue. Under sections 5 and 6 of the act of March 3, 1891, writs of error in such cases are to be taken direct to the

Supreme Court, and the grant of appellate jurisdiction to the Circuit Courts of Appeal does not include such cases.

"In accordance therefore, with the practice indicated in *Cincinnati, Hamilton & D. Co.* v. *Thiebaud,* 177 U. S. 615, and *Am. Sugar Co.* v. *New Orleans,* 181 U. S. 277, and followed by this court in *United States* v. *Lee Yen Tai,* 113 Fed. Rep. 465, this court elects to reserve judgment upon the other questions and to certify the question of jurisdiction to the Supreme Court.

## " *Statement of Facts.*

"The facts out of which the question of jurisdiction arises are as follows:

"The action is for breach of contract of employment. The complaint avers and the answer admits that defendant is a domestic corporation, duly organized and existing under the laws of New York, having its principal office for the transaction of business in the Southern District of New York. The complaint further avers and the answer admits that 'plaintiff is a resident of the State of Delaware.' Upon the trial the plaintiff testified: 'I started in the printing business about thirty years ago. : . . I have been on the New York Tribune, on the World, the Philadelphia Record and the American Press Association . . . I had charge of the Morning News, Wilmington, Delaware. . . . In this city [New York] I worked on the New York Tribune, on the Sun, on the World, and in the American Press Association . . . Just prior to my going to work upon the New York Sun [under the contract in suit] I was the publisher and business manager of the Evening Journal of Wilmington, Delaware, and president of the company. . . . [After my discharge from the employ of the Sun] I finally secured a place with the New Haven Palladium, and I was there a while. . . . One of the reasons I left the New Haven Palladium was that it was too far away from home. I lived in Delaware and I had to go back and forth. My family were over in Delaware.'

" There was no other testimony in any way bearing upon the plaintiff's residence or citizenship.

" The jurisdiction of the Circuit Court was not questioned by the defendant in the court below, and the assignments of error do not present any such question.

" *Question Certified.*

" Upon the facts above set forth, the question of law concerning which this court desires the instruction of the Supreme Court is:

" ' Had the Circuit Court jurisdiction of the controversy between plaintiff and defendant ? '

" In accordance with the provisions of section 6 of the act of March 3, 1891, establishing Courts of Appeal, etc., the foregoing question of law is by the Circuit Court of Appeals for the Second Circuit hereby certified to the Supreme Court."

In the argument at bar on behalf of the Sun Printing and Publishing Association, the plaintiff in error in the Circuit Court of Appeals, the jurisdiction of the Circuit Court over the controversy was denied, not only upon the hypothesis that Edwards, the plaintiff, was not alleged or shown to have been a citizen of Delaware, but also upon the assumption that the Sun Association was not averred to have been a citizen of New York. The latter contention may be at once dismissed from view, because the allegation of the complaint, admitted by the answer, " that defendant is a domestic corporation, duly organized and existing under the laws of New York, having its principal office for the transaction of business in the Southern District of New York," clearly imported that the corporation was originally created by the State of New York. The presumption necessarily followed that the corporation was composed of citizens of that State, and consequently the corporation was entitled to sue or be sued in the courts of the United States as a citizen of New York. *Southern Ry. Co.* v. *Allison*, 190 U. S. 326.

We come to the contention that the citizenship of Edwards

was not averred in the complaint or shown by the record, and hence jurisdiction did not appear.

In answering the question, whether the Circuit Court had jurisdiction of the controversy, we must put ourselves in the place of the Circuit Court of Appeals, and decide the question with reference to the transcript of record in that court.

Had the transcript shown nothing more as to the status of Edwards than the averment of the complaint that he was a "resident of the State of Delaware," as such an averment would not necessarily have imported that Edwards was a citizen of Delaware, a negative answer would have been impelled by prior decisions. *Mexican Central Ry. Co.* v. *Duthie,* 189 U. S. 76; *Horne* v. *George H. Hammond Co.,* 155 U. S. 393; *Denny* v. *Pironi,* 141 U. S. 121; *Robertson* v. *Cease,* 97 U. S. 646. The whole record, however, may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship, and if the requisite citizenship, is anywhere expressly averred in the record, or facts are therein stated which in legal intendment constitute such allegation, that is sufficient. *Horne* v. *George H. Hammond Co., supra,* and cases cited.

As this is an action at law, we are bound to assume that the testimony of the plaintiff contained in the certificate of the Circuit Court of Appeals, and recited to have been given on the trial, was preserved in a bill of exceptions, which formed part of the transcript of record filed in the Circuit Court of Appeals. Being a part of the record, and proper to be resorted to in settling a question of the character of that now under consideration, *Robertson* v. *Cease,* 97 U. S. 646, 648, we come to ascertain what is established by the uncontradicted evidence referred to.

In the first place, it shows that Edwards, prior to his employment on the New York Sun and the New Haven Palladium, was legally domiciled in the State of Delaware. Next, it demonstrates that he had no intention to abandon such domicil, for he testified under oath as follows: "One of the reasons I

left the New Haven Palladium was, it was too far away from home. I lived in Delaware, and I had to go back and forth. My family are over in Delaware." Now, it is elementary that, to effect a change of one's legal domicil, two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there. The change cannot be made, except *facto et animo*. Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change. *Mitchell* v. *United States*, 21 Wall. 350.

As Delaware must, then, be held to have been the legal domicil of Edwards at the time he commenced this action, had it appeared that he was a citizen of the United States, it would have resulted, by operation of the Fourteenth Amendment, that Edwards was also a citizen of the State of Delaware. *Anderson* v. *Watt*, 138 U. S. 694. Be this as it may, however, Delaware being the legal domicil of Edwards, it was impossible for him to have been a citizen of another State, District or Territory; and he must then have been either a citizen of Delaware or a citizen or subject of a foreign State. In either of these contingencies, the Circuit Court would have had jurisdiction over the controversy. But, in the light of the testimony, we are satisfied that the averment in the complaint, that Edwards was a resident "of" the *State* of Delaware, was intended to mean, and, reasonably construed, must be interpreted as averring, that the plaintiff was a *citizen* of the State of Delaware. *Jones* v. *Andrews*, 10 Wall. 327, 331; *Express Company* v. *Kountze*, 8 Wall. 342.

*The question is answered in the affirmative, and it will be so certified.*

MR. JUSTICE HARLAN and MR. JUSTICE PECKHAM dissented.