BALTIMORE & O. S. W. R. CO. v. DAVIS.

(Circuit Court of Appeals, Seventh Circuit. October 25, 1906.)

No. 1,316.

1. COURTS—JURISDICTION OF FEDERAL COURTS—ALLEGATIONS AND PROOF OF CITIZENSHIP.

The testimony of a plaintiff that he was at "home" in a certain town and that he lived there is sufficient proof of his citizenship in the state in which such town is situated to sustain the jurisdiction of a federal

court in a suit against a corporation of another state, although the averment of citizenship in his declaration is defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 885.]

2. MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Plaintiff was a brakeman in the service of defendant railroad company, and while engaged in coupling a car on a side track to a train, at night, took hold of the coupling lever of such standing car with one hand while he reached with the other between such car and the approaching car to open the knuckle as was necessary. He then discovered that the chain connecting the pin to the lever was broken so that the pin must be raised by hand which necessitated the use of both hands between the cars. Before he could raise the pin and open the knuckle in that way the cars came together and one hand was crushed. Plaintiff had no previous knowledge of the defect which was due to the negligence of defendant's inspector. *Held*, that the question whether or not plaintiff was chargeable with contributory negligence was one for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1125.]

In Error to the Circuit Court of the United States for the Eastern District of Illinois.

The plaintiff in error was the defendant below in suit of Thomas R. Davis to recover for personal injuries, and this writ is prosecuted from a judgment in favor of the latter. The parties are hereinafter referred to as plaintiff and defendant respectively, in such suit below. Jurisdiction is challenged for want of declaration or proof of diversity of citizenship. All other assignments of error rest upon the plaintiff's version of facts, refusal of the court thereupon to direct a verdict in favor of the defendant and instructions which were given; but each question for review is free from complication.

The plaintiff was a brakeman, in the service of the defendant railway company, and was injured while coupling freight cars, in making up a train in the railroad yards at Flora, Ill., where the defendant inspected and repaired its cars. The work was under his direction, to signal the engineer for moving the cars, with the cars standing on a "coach track," extending north and south, in four partings or "cuts," before daylight in the morning—the train having been made up the previous day, with opportunity for inspection and repair. The plaintiff had taken the car numbers, in readiness for coupling, and the engine was at the south end of the south "cut," which embraced five or six cars, with the north one a refrigerator car; this was equipped with automatic couplers, having a lift lever which extended out on the east side of the car. An ordinary freight car similarly equipped, was next north of it, and they were not coupled, as the plaintiff discovered on attempting to couple the air hose; so upon his signals the engine pulled up the first cut a few feet and then backed to make the coupling. When the return movement commenced, the plaintiff stepped in between the cars to open the knuckle of the coupler on the refrigerator car, which was liable to be closed by movement of the car and does not open automatically. These couplers are provided with a lug pin to hold them in place when coupled, and a chain connects the lug pin to the lever, so that movement of the lever raises the lug pin; until raised the knuckle is locked by the pin and will not couple. To make the coupling, when the equipment is in order, the lever to raise the pin can be operated with one hand from the side of the car, but it is necessary to enter between the cars to open the knuckle by hand, if closed. For this purpose, the plaintiff took hold of the lever on the refrigerator car with his left hand to raise the pin, and reached with his right hand to open the knuckle; but then discovered that the chain was broken so that the pin must be raised by hand instead of lever, to release the knuckle. In his position, this required instantaneous change of hands, to remove the pin with the right and open the knuckle with the left hand; he attempted this, but the cars came together before he could accomplish both operations and his left hand was crushed. The defect, opportunity for inspec-

tion by the car inspector; and neglect therein chargeable to the defendant, are undisputed facts; and it is undisputed that the plaintiff was not chargeable with duty as inspector, nor with notice of the defect. Upon submission of the several issues to a jury the verdict was for the plaintiff and judgment was recovered accordingly.

Rudolph J. Kramer, for plaintiff in error.
George M. Morgan, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts). The questions raised by the various assignments of error are these: (1) Is the proof sufficient to establish jurisdiction, resting on diversity of citizenship? (2) Is the plaintiff chargeable under his testimony with contributory negligence as a conclusion of law? (3) Whether error appears in the instructions to the jury covered by exception.

1. The jurisdictional allegation in the declaration of citizenship on the part of the plaintiff is plainly defective, as it states that he is "a resident of the state of Illinois," but does not state his place of citizenship. In his testimony, however, preserved of record in a bill of exceptions, the plaintiff says, in reference to occurrences both before and after the commencement of the suit, that he was at "home" in Flora, Ill.; that "I live there." This proof is sufficient, under the authority of Sun Printing & Publishing Ass'n v. Edwards, 194 U. S. 377, 383, 24 Sup. Ct. 696, 48 L. Ed. 1027, to cure the defective averment. In that case the question of jurisdiction was certified, under like incidental statement by the plaintiff that he "lived in Delaware" and his family were there, and the sufficiency was upheld, where the averment was alike defective. The declaration mentions the defendant as "a foreign corporation and nonresident of the state of Illinois," so that diversity of citizenship appears, and the assignment for want of jurisdiction is overruled accordingly.

2. On behalf of the defendant, instructions were requested directing a verdict of not guilty, on the theory that negligence on the part of the plaintiff conclusively appeared as contributory cause of the injury; and error is assigned for denial of the several motions to that end. We are satisfied that the contention upon which they rest is untenable, and that the issue of contributory negligence was rightly submitted to the jury. True, the facts were undisputed, but the inferences to be drawn from them—whether the plaintiff exercised ordinary care and prudence in attempting to make the coupling under the circumstances—were clearly within the province of the jury. Under the testimony, the effort of the brakeman to open the knuckle with one hand (as needful), while the other hand engaged the lever to raise the pin, is surely not conclusive of want of ordinary care, when it appears that he was unaware of the broken chain, which prevented action of the lever. In so far as appears, the coupling would have been safely made, except for the defect referred to, and the attempt was no departure from the ordinary method, where the knuckle was either closed or not observed to be open. With the defendant chargeable with negligence for sending in the car with the broken chain, after

149 F.—13

opportunity for inspection and repair, and the plaintiff not chargeable with notice, but entitled to assume that it was in order, the defendant is without ground for complaint in the submission. So in respect of the contention that the broken chain was not the proximate cause of injury, we are of opinion that no error appears in the submission or instructions thereupon.

3. The entire charge to the jury is preserved in the record, and error is assigned upon portions of the instructions as not fully stating the issues and the rule to be applied under the evidence. Reading the instructions as a whole, we are satisfied that each of these objections to the instruction is without merit. All the issues were clearly defined and correctly submitted, as we believe, in the course of the charge; and if the portions referred to omit repetition of all the elements to be considered, the context supplies it in clear terms, without room for misunderstanding upon either issue.

No reversible error appears in the assignments, and the judgment of the Circuit Court is affirmed.