## SAMPSON v. UNITED STATES.

### No. 23838–G.

District Court, N. D. California, N. D.

Oct. 18, 1945.

L. W. Wrixon, of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

GOODMAN, District Judge.

By this action the plaintiff, a mining engineer, seeks the refund of additional Federal income taxes and interest, aggregating $58,691.56, assessed against and paid by him for the calendar years 1936, 1937 and 1938. The amounts here sought to be recovered were assessed by the Commissioner of Internal Revenue because the plaintiff and his wife divided plaintiff's income for the years in question and filed separate returns; whereas, the Commissioner held such income not to be divisible, but to be wholly accounted for by plaintiff.

If, under the laws of the place of the plaintiff's domicile, the plaintiff's wife had a vested community interest in her husband's income, for the three years involved, then plaintiff's action in filing separate returns was correct and he should recover herein. First therefore, must be resolved the factual issue of the place of plaintiff's domicile.

Plaintiff was born in the State of Washington in 1902 and resided there with his foster parents until 1914, when the family moved to Canada. In 1919 the family again moved, this time to California and domiciled there until 1927, in which year plaintiff graduated from the University of California as a mining engineer. In the same year plaintiff accepted a position as mining engineer in the Philippine Islands. He so occupied himself there until 1940. While in the Philippines he traveled from place to place and also made numerous trips on business and vacations to other parts of the world. In 1933 plaintiff married, his wife being also a native of the State of Washington. While plaintiff continued thereafter to practice his profession in the Philippines, the evidence shows no intent to permanently domicile there. To the contrary, the acts and conduct of the couple clearly evidence an intent to establish and maintain domicile in the State of Washington. Climatic conditions in the Philippines proving deleterious to the wife's health, the couple, in the year 1935, purchased real property in Tacoma, Washington and erected a home thereon. In the same year, a child was adopted in Washington, after proceedings in the State Court. In 1937 a second child was adopted in like manner. The adopted children attended school in Washington. Documentary evidence, including the records in the adoption proceedings, corroborates the testimony that plaintiff's residence in the Philippines was for business purposes alone and that the family domicile during the years in question was in Washington.

■ It is elementary that domicile is a legal status dependent upon the existence of the dual elements of actual residence and intent to remain at the claimed abode. Sun Printing & Publishing Assoc. v. Edwards, 194 U.S. 377, 24 S.Ct. 696, 48 L. Ed. 1027; Shilkret v. Helvering, 78 U.S. App.D.C. 178, 138 F.2d 925 and cases therein cited. Mere absence from the abode, however long, without intent to change domicile does not effect a change of domicile. Sun Printing & Publishing Assoc. v. Edwards, supra.

■ It is true that the plaintiff found in the Philippine Islands a suitable field for the profitable pursuit of his calling. But after his marriage—even if before there may be doubt—a fixed intent, accompanied by unequivocal acts to establish and maintain the family domicile in Washington, became manifest. The affidavits of the couple filed in 1935 and 1936 in the Washington adoption proceedings, are most persuasive, particularly when it is noted that no question of income taxes could

have had the remotest relationship to the matter of domicile as then claimed by them.

In the court's opinion, therefore, domicile in Washington in 1936, 1937 and 1938 is convincingly and factually established.

The law is clear that domicile in Washington entitles husband and wife to divide the income of the husband derived from personal services during the marriage and to separately account for and return such income. Poe v. Seaborn, 262 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239.*

It is therefore unnecessary for the court to decide the other issue presented, viz., whether separate returns for the years in question are justified under the laws of the Philippine Islands (assuming that domicile was in the Philippines in 1936, 1937 and 1938).

Judgment will therefore go in favor of plaintiff as prayed. Prepare findings in accordance with the rules.

---

\* Inasmuch as the Washington Statutes closely follow California law, the result would be the same if there were a California domicile here involved. United States v. Malcolm, 282 U.S. 792, 51 S. Ct. 184, 75 L.Ed. 714.