Granville S. Borden, Scott C. Lambert, and Pillsbury, Madison & Sutro, all of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for defendant.

## GALLAGHER v. UNITED STATES.
### No. 23523.

District Court, N. D. California, S. D.

May 28, 1946.

GOODMAN, District Judge.

In this action plaintiff seeks the refund of income taxes in the sum of $80,464.10 alleged to have been erroneously paid and collected for the years 1937, 1938 and 1939. Plaintiff reported as income for the years in question all of his salary for personal services, whereas under the laws of the state (California) where he claims he and his wife were then domiciled, such earnings were community property and only one half of such income was therefore taxable to plaintiff.

Factually the case is not substantially dissimilar to Sampson v. United States, D.C., 63 F.Supp. 624. There, as here, residence for business purposes was established by the taxpayer in a place distant from the state of his claimed domicile. The plaintiff here, while domiciled in California, accepted a position in New York, under a three year contract, as chief executive of certain oil companies in process of consolidation. At the expiration of the contract period, he continued on the job for five and a half years (such additional time being necessary to complete the work for which he was hired) and then returned to California.

Two evidentiary factors, absent in the Sampson case, are stressed by the government as persuasive of its contention that plaintiff was domiciled in New York during the three years in question. They are as follows:

1. When plaintiff arrived in New York from California in 1932, although long a resident of the United States, he was still an alien. Shortly after reaching New York, he filed his Declaration of Intention to become an American citizen and therein

specified a street address in New York City as his place of residence. In 1936, in his petition for naturalization (granted in the same year) the same street address was given as his place of residence. The Government contends this to be proof that plaintiff's domicile was New York and not California upon the theory that "residence for naturalization purposes means domicile," citing Petition of Oganesoff, D. C., 20 F.2d 978; United States v. Parisi, D.C., 24 F.Supp. 414; In re Barron, D.C., 26 F. 2d 106; In re Matczak, D.C., 21 F.2d 876.

■ However, neither the cited cases, nor the reasoning thereof, support the Government's contention. It is true that "residence" is synonymous with "domicile" as to the requirement of five years residence within the United States, prescribed by 8 U.S.C.A. § 707(a) (1). But the "domicile" so required by the naturalization statute is domicile in the United States. A foreign domiciliary abode, of course, defeats naturalization. However the requirement of residence for six months in the state where petition is filed is not, nor do the cited cases so hold, equivalent to a requirement of six month's "domicile." Neither the statutory language nor any judicial pronouncement brought to our notice justifies the conclusion that an applicant for citizenship shall *reside* at the place of his *domicile* within the United States at the time he applies for citizenship. Hence there is no reason to attach any greater significance to the application for citizenship, in a tax case, than should attach to it in the naturalization proceeding itself.

■ 2. Shortly after his naturalization in 1936, plaintiff registered as a voter in New York and thereafter voted at least once in a statewide election. The Government urges that the weight of this evidentiary factor tips the scales decisively in favor of New York domicile. There is no doubt that "voting" is important evidence on the issue of domicile, but it is by no means decisive if all the circumstances justly lead to an opposite conclusion. See District of Columbia v. Murphy, 314 U.S. 441, 456, 62 S.Ct. 303, 86 L.Ed. 329; 28 Corpus Juris Secundum, Domicile, § 18(b) (3). The New York election laws require for citizen electors only habitation in the State for one year and residence in the county for four months. Art. 7, § 150, Election Law, Consol.Laws, c. 17, New York Laws 1922, Chap. 588. The record discloses that plaintiff voted in New York for the same reason that he there applied for citizenship, i.e. he resided there. "Mere absence from the abode, however long, without *intent* to change domicile does not effect a change of domicile." Sampson v. United States, supra [63 F.Supp. 625]. (Emphasis supplied.) Neither plaintiff's *registration* as a voter nor his application for citizenship are as viewed against the background of all the facts, indicative of *intent* to change of domicile. Rather should these acts be characterized as the perfunctory satisfying of the formal conditions prescribed by law, which any person desiring to vote or become a citizen would automatically perform, without the slightest *intent* to thereby commit himself to a change of his domicile.

The evidence as a whole satisfies me that plaintiff never abandoned his California domicile and always had a fixed and *not* a "floating"* intention to return to the domiciliary abode.

Judgment will therefore go for plaintiff. Prepare Findings pursuant to the Rules.

---

* Story; Conflict of Laws, 7th Ed., p. 41, Sec. 46.