Robert E. ALEXANDER, Plaintiff,

v.

ALLISTER CONSTRUCTION CO. et al., Defendants.

ALLISTER CONSTRUCTION CO., Counterplaintiff,

v.

Robert E. ALEXANDER et al., Counterdefendants.

ALLISTER CONSTRUCTION CO., Third-Party Plaintiff,

v.

ELMER FOX & CO., Third-Party Defendant.

No. 73 C 2880.

United States District Court, N. D. Illinois, E. D.

Nov. 5, 1976.

Jenner & Block, Chicago, Ill., for plaintiff.

Walter C. Clements, Chicago, Ill., for defendants.

John Conlon, Chicago, Ill., for third-party defendant.

## DECISION ON MOTION TO DISMISS

McMILLEN, District Judge.

After the final pre-trial order was entered in this case, but before it had been complied with, defendants filed a motion to dismiss for lack of diversity of citizenship between the plaintiff and the defendant Allister Construction Co., contending that both of these parties are citizens of Illinois. The motion is supported by extracts from depositions and other sworn documents and is resisted by the plaintiff's affidavit dated April 20, 1976. After a careful examination of the documents and the memoranda filed by the parties in connection with the motion, we find and conclude that it should be granted.

There can be no question that absence of diversity, going to the jurisdiction of the court, can be raised under F.R.C.P. 12(b) at any time, even after judgment. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It is also clear that diversity is essentially a question of fact on which the plaintiff has the burden of proof. *Julien v. Sarkes Tarzian, Inc.*, 352 F.2d 845 (7th Cir. 1965). The decision must be made as of the date of filing of the complaint on November 12, 1973, and we are not aware of any requirement that the decision be made by hearing evidence in open court, as distinguished from evaluating the sworn documents filed by the parties. No evidentiary hearing has been requested.

Therefore, plaintiff's affidavit must first be examined to see whether he has sustained his burden. He states that he moved to Illinois in 1958, located his business in Romeoville, Illinois, and purchased a residence in Wheaton, Illinois. Four years thereafter, in 1962, he was married in Kentucky to a citizen of that state, joined her church, and then brought her back to live in his home in Wheaton, Illinois.

In 1966, the plaintiff bought a house in Louisville, Kentucky "with the intention of making it my permanent residence". After extensive remodeling, during which the plaintiff states that he spent approximately half of his time in Louisville, the couple moved into the Louisville house in late 1968. Since that time, Mrs. Alexander has spent most of her time in the house in Louisville except for an unspecified period in 1973 when she was present in Oakbrook, Illinois for oral surgery. The affidavit does not relate this visit to the date when the complaint was filed on November 12, 1973.

In 1971, plaintiff transferred title to the Louisville house to the counter-defendant, Alexander Construction Co., to satisfy an indebtedness to that corporation. On an

unspecified date, the Louisville house was transferred back to the plaintiff when the assets of Alexander Construction Co. were sold to the defendant Allister Construction Co. This transfer of assets occurred in August 1972, about one year before this suit was filed.

Thereafter, plaintiff incorporated the Alexco Corp. in Illinois, which is still doing business here. He apparently is the owner and principal executive officer of that corporation but does not participate in the day-to-day operations of it. His affidavit states that he has spent four days or less a month in Illinois since selling the assets of Alexander Construction Co. in August 1972.

Plaintiff states that he uses the house in Wheaton when he is in Illinois. The utility and real estate bills are mailed to him in Wheaton, and other mail is "picked up" there by a housekeeper. He keeps an automobile in Illinois and two in Kentucky, all "registered" in this state. We assume this includes licensing. He also has an Illinois driver's license and was registered to vote in Illinois in November 1973, and before.

Defendant has produced official records which show that plaintiff has voted in four general elections here, the last in 1974. He did not register to vote in Kentucky until September 1975, one day before his deposition was taken there. Apparently his wife has been registered to vote in Illinois since their marriage in 1962 but has also been registered to vote in Kentucky.

Plaintiff also has filed his Federal and State income tax returns in Illinois until at least 1975, showing Wheaton as his legal residence. He changed this when he filed a Kentucky resident income tax return for the year 1975. The returns prior to that time were sent to him in Louisville by a Chicago accountant. Finally, his wife caused a lawsuit to be filed in DuPage County, Illinois No. 70–2362G, and filed answers to interrogatories on November 19, 1972 wherein she stated her residence was in Hoffman Estates, Illinois. Plaintiff denies that his wife actually signed the answers to interrogatories and denies that the signature appearing on the answers is actually hers. However, he does not contend that the answers to interrogatories were filed without authorization of her attorneys, and she has filed no affidavit.

Thus, even on the face of the plaintiff's affidavit, his citizenship status is at best dichotomous. Citizenship, of course, is partly a matter of intent (*Sun Printing and Publishing Association v. Edwards*, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027 (1904)), but a plaintiff's state of mind cannot be taken for granted from self-serving statements. It must be measured against the physical facts and his own actions. It would appear from the plaintiff's own affidavit, therefore, that he had not necessarily severed his citizenship with the State of Illinois in November 1973, that he had not affirmatively declared his intent to be a citizen of Kentucky until substantially after filing this lawsuit, and that the defendants' affidavits and other evidence could very easily tilt the scales against him on the issue of citizenship. We might also observe that the plaintiff has not supplied travel vouchers, diaries or other written evidence of his travelling to and time spent in Illinois which he would be expected to have preserved for income tax purposes, if not for the purpose of this litigation.

Turning to the additional evidence submitted by the defendants, plaintiff is listed as the president of Alexco Corp. in the 1973 and 1974 Certified List of Domestic Illinois Corporations published by the Secretary of State, of which we take judicial notice. He also admitted in his deposition that he maintained an office in Wheaton, Illinois, which presumably is connected with Alexco Corp., since this is the only business dealings to which the plaintiff admits in this state. As mentioned above, that corporation was formed shortly after the sale of assets of the Alexander Construction Co. to the defendant Allister Construction Co. in August 1972, and an individual named Ronald Bald is responsible for its "day-to-day operations". Therefore, although Alexco Corp. is said by plaintiff to be doing business on a "small scale", it apparently is sufficiently busy to keep at least one man

occupied day-to-day and to consume an unspecified amount of the plaintiff's time as owner and chief executive officer.

The deposition of plaintiff's former accountant, Jack D. Kingsolver, was apparently taken in Denver, Colorado. Plaintiff was originally in business in Colorado Springs, Colorado and still owns a residence there. Kingsolver is a partner of the third-party defendant, Elmer Fox and Co. He testified that the Wheaton address was used as plaintiff's residence for state and Federal tax returns at the specific request of the plaintiff for the tax year 1972. The return was filed late, in October 1973, just a month before this lawsuit was filed. A similar address was used on the returns for 1971. He also testified that when he contacted the plaintiff, it was by telephoning his home in Wheaton. He testified that he made an inquiry about residency every year, the latest one with respect to the 1973 tax returns which were filed in 1974, to verify that plaintiff wished Wheaton to be shown as his principal residence. He also normally wrote to the plaintiff at his Wheaton, Illinois address on personal matters and to his Romeoville, Illinois address on business matters. Form letters transmitting tax returns to plaintiff were sent to him in Kentucky but not signed by Kingsolver.

Kingsolver is no longer performing work for the plaintiff. He is an adverse party in this litigation, as a partner of the third-party defendant, but he has no personal interest in the issue of fact which is under consideration. Also, the plaintiff has not impeached any of the deposition statements by telephone bills or copies of correspondence, and the matters to which Kingsolver testified are contrary to the economic interests of the plaintiff who was required to pay large state income tax in Illinois if he was a resident of this state. Therefore, we believe that the Kingsolver deposition is entitled to considerable weight.

■ Plaintiff's wife's contacts with Kentucky are much firmer than those of her husband. However, she did register to vote in Illinois and voted here every year from 1964 through 1968. She apparently worked for Alexander Construction Co. in Illinois until its sale in August 1972. Defendants state that she used the Wheaton address on the W–2 forms up until that time but have not supported this with any sworn documents. She presumably signed the income tax returns which showed Wheaton, Illinois as her residence. She also has not disavowed filing the personal injury action in the Circuit Court of DuPage County. Finally, we know of no rule of law which requires that a husband and wife be citizens of the same state. On balance, we find and conclude that the plaintiff was a citizen of the State of Illinois when he filed this lawsuit in November 1973 and that citizenship of his wife is not controlling.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the defendant Allister Construction Co. to dismiss this complaint is granted and it is dismissed for want of jurisdiction over the subject matter. Since the principal complaint of plaintiff against Allister Construction Co. falls, the complaint against Meridian Housing Corp., the counterclaim of Allister Construction Co. against the plaintiff and Alexander Construction Co. and the third-party complaint against Elmer Fox and Co. must also be dismissed, all for lack of jurisdiction.