**FIVE REALTY INVESTMENTS, INC., Plaintiff**

v.

**Brian E. SAFREED, John Doe and Richard Doe, Defendants.**

**Civil No. 07–1396(JAG).**

United States District Court, D. Puerto Rico.

Nov. 7, 2007.

Luis J. Acevedo–Bengoechea, San Juan, PR, for Plaintiff.

Francisco Ortiz–Santini, Juan R. Marchand Quintero Law Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Brian E. Safreed's ("Defendant") Motion to Dismiss. (Docket No. 6). For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2007, Plaintiff Five Realty Investments, Inc. ("Plaintiff") filed a breach of contract claim against Defendant for $685,000. According to Plaintiff, this Court has subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. In the complaint, Plaintiff states that it is a corporation organized and existing pursuant to the laws of the Commonwealth of Puerto Rico and that Defendant is a resident of Waynesville, North Carolina. As such, Plaintiff contends that there is complete diversity jurisdiction among the parties. (Docket No. 1).

On May 22, 2007, Defendant moved to dismiss Plaintiff's complaint. Defendant posits that there is no diversity jurisdiction over this action because he as well as Plaintiff share Puerto Rican citizenship. (Docket No. 6). To that effect, Defendant filed an unsworn statement under penalty of perjury in which he clearly indicates in pertinent part that:

> Comes now Brian E. Safreed, single, a resident of Isla verde, Carolina ... Since 1998 and up to this date, I have been living as its owner in the apartment 503 at Castillo del Mar Condominium, in Isla Verde. I have always lived in said apartment and never rented it, since I consider the same my home. (Docket No. 6–2).

On June 11, 2007, Plaintiff opposed Defendant's Motion to Dismiss. Plaintiff alleges that Defendant's Motion to Dismiss should be denied because it is not clear if the Defendant is domiciled in Puerto Rico. According to Plaintiff, Defendant's residency is not clear because Defendant states in his unsworn statement that he travels frequently between the United States and Puerto Rico. Plaintiff avers that Defendant could be domiciled in another state or that Defendant, as owner of vacant lots of land in North Carolina, may be alleging residential status in such state. As such, Plaintiff contends that the Court should allow it to conduct limited discovery directed to clear up the jurisdictional issues. (Docket No. 9).

On June 18, 2007, Defendant filed his "Reply to Plaintiff's Opposition to Dismissal" in which he rehashes the arguments presented in his Motion to Dismiss. Namely, Defendant restates that this Court lacks jurisdiction to entertain this case because he is a resident of Puerto Rico. Plaintiff also filed another unsworn statement under penalty of perjury in

which he clearly indicates in pertinent part that:

> Comes now Brian E. Safreed, single, a resident of Isla verde, Carolina ... I permanently relocated to Puerto Rico from Miami, Florida with my current company, Empower Solutions, in 1998. My residency has not changed since 1998, even though my employer has required me to perform work in the U.S. I have no other declared residency or intent to reside anywhere else besides Puerto Rico ... (Docket No. 12–2).

On June 29, 2007, Plaintiff filed his reply to Defendant's "Reply to Opposition to Motion to Dismiss" in which it rehashes the arguments presented in its opposition to Defendant's Motion to Dismiss. (Docket No. 15).

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard*

Under Fed. R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts must narrowly construe jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED,* 12 F.Supp.2d 243, 245 (D.P.R. 1998). Consequently, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.,* 270 F.Supp.2d 217 (D.P.R.2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as ... depositions and exhibits." *See Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.,* 229 F.Supp.2d 105, 107 (D.P.R.2002). Under Rule 12(b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000)(*quoting Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

In *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly,* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22

(1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### Discussion

Jurisdiction in this case is premised on 28 U.S.C. § 1332 which mandates that the parties be domiciled in different states and that the claim exceed $75,000.00. Plaintiff asserts that there is complete diversity between the parties. The Court disagrees.

■ "In order to maintain an action in federal court based upon diversity jurisdiction, the plaintiff must be diverse from the defendant in the case." *Gorfinkle v. U.S. Airways, Inc.,* 431 F.3d 19, 22 (1st Cir.2005); *Cook, Stratton & Co. v. Universal Ins. Group, Inc.,* 241 F.R.D. 411, 416 (D.P.R.2007). "Diversity of Jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); *Gabriel v. Preble,* 396 F.3d 10, 13 (1st Cir.2005). For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 569–570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

■ "[C]itizenship usually is equated with domicile." *Valentin v. Hospital Bella Vista,* 254 F.3d 358, 366 (1st Cir.2001). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 366. "Domicile requires both physical presence in a place and the intent to make that place one's home." *Id.*; *see Sun Printing & Publ'g Ass'n v. Edwards,* 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904); *Hawes v. Club Ecuestre El Comandante,* 598 F.2d 698, 701 (1st Cir. 1979). It is important to note that for diversity purposes, a corporation is a citizen of both the state where it is incorporated and "the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

■ Courts "take into account a variety of factors indicating the extent of a particular party's ties to the purported domicile . . . [including] current residence; . . . location of personal and real property; location of . . . bank accounts; . . . membership in . . . fraternal organizations, churches, clubs and other associations; . . . driver's license and . . . [and] payment of taxes." *Garcia Perez v. Santaella,* 364 F.3d 348, 350 (1st Cir.2004)(internal quotations omitted).

■ Defendant has filed two unsworn statements under penalty of perjury that demonstrate that for purposes of diversity, he is a citizen of Puerto Rico. In said statements, Defendant states the following pertinent facts: 1) that since 1998, he owns a home in Isla Verde, Carolina, Puerto Rico; 2) that even though he travels frequently because of his job, he always returns to his home in Isla Verde; 3) that at the moment of the filing of this claim, he was domiciled in Puerto Rico; 4) that he has no intention of residing elsewhere; 5) that he is not a registered voter in the continental U.S. because he is a resident in Puerto Rico; and 6) that he has paid taxes in Puerto Rico. Furthermore, Defendant admits that he owns four lots of land in North Carolina but he states that he has

no intention of building a home in said lots of land. (*See* Docket Nos. 6–2, 12–2).

Having carefully reviewed the record, the Court finds that Defendant has proffered sufficient and convincing evidence that shows that he is domiciled in Puerto Rico. Defendant is the owner of a residence in the island that he considers his home, he pays taxes in the island, and he is not a registered voter in the United States. As such, this Court holds that the two unsworn statements filed by plaintiff proffer sufficient detailed information, which leads this Court to conclude that he is a citizen of Puerto Rico.[1]

Plaintiff is a corporation organized and existing pursuant to the laws of the Commonwealth of Puerto Rico.[2] As such, for purposes of diversity, Plaintiff is a citizen of Puerto Rico. Since both Plaintiff and Defendant are citizens of Puerto Rico, complete diversity is not present. Therefore, the Court lacks jurisdiction to entertain this case.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss. (Docket No. 6). Accordingly, Plaintiff's claims are hereby dismissed without prejudice.

IT IS SO ORDERED.

---

1. The Court finds that there is no need for additional discovery to clear up jurisdictional issues. *Negron–Torres v. Verizon Communs., Inc.,* 478 F.3d 19, 27 (1st Cir.2007)(A District Court can exercise its discretion and deny jurisdictional discovery. The Circuit Court will review the District Court's decision for abuse of discretion).

2. We interestingly note that one of the primary purpose of diversity jurisdiction is to shield foreign parties from the prejudice they might face as outsiders in state court. *Diaz–Rodriguez v. Pep Boys Corp.,* 410 F.3d 56, 61 (1st Cir.2005). In this case, Plaintiff being a corporation organized and existing pursuant to the laws of the Commonwealth of Puerto Rico would not be subject to undue prejudice in state court.