Alicia AGUIRRE, by Alfredo Aguirre,
Her Next Friend, Plaintiff,

v.

Michael J. NAGEL, Defendant.

Civ. No. 25622.

United States District Court
E. D. Michigan, S. D.

April 28, 1967.

Donnelly W. Hadden, Menendez & Hadden, Detroit, Mich., for plaintiff.

Forrest G. Shaw, Rouse, Selby, Webber, Dickinson & Shaw, Detroit, Mich., for defendant.

### MEMORANDUM

THORNTON, District Judge.

At the pretrial conference in this case the question of jurisdiction was raised and the Court suggested that the parties submit briefs in support of their respective positions.

The situation presented here strikes one at first blush as being somewhat unusual, but upon examination of relevant statute and case law it appears to be what we might term one-of-a-kind. The cause of action sounds in tort for personal injuries incurred by the minor plaintiff when she was struck by defendant's motor vehicle. The defendant here is a citizen of the State of Michigan. The minor plaintiff is a citizen of the United States and of the State of Michigan, having been born and raised in Michigan. It is, therefore, clear that 28 U.S.C.A. § 1332(a) (1) does not confer jurisdiction on this Court since it reads as follows:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;"

This, however, does not end the matter. The pleadings and depositions on file show that the minor plaintiff is also a citizen of Mexico, her mother and father each being a Mexican citizen. We must, therefore, consider U.S.C.A. § 1332(a) (2) which confers jurisdiction on United States district courts where the controversy exceeds $10,000 and is between:

"(2) citizens of a State, and foreign states or citizens or subjects thereof;"

It is the position of defendant that since both plaintiff and defendant are Michigan citizens diversity is destroyed and that this Court is, therefore, without jurisdiction to entertain the action. We agree with this position insofar as it relates to subsection (1) of 28 U.S.C.A. § 1332(a). Plaintiff is not a citizen of a State different from that of defendant.

It is the position of plaintiff that defendant is a citizen of a State and that she is a citizen of a foreign state and

that she brings her action under subsection (2) of 28 U.S.C.A. § 1332(a).

We are forced to agree with plaintiff that diversity jurisdiction exists within the exact language of subsection (2). No case has been called to our attention, nor has our research disclosed any, where this issue has been decided. Title 28 U.S.C.A. § 1332 spells out affirmatively the possible bases for diversity jurisdiction. Plaintiff's situation falls squarely within one of these bases. We do not deem it good law to deny the existence of jurisdiction under subsection (2) on the grounds of the non-existence of jurisdiction under subsection (1). This memorandum is being made for the purpose of setting forth the jurisdictional basis on which the Court entertains this cause of action.