**Marilyn P. ROBINSON**
v.
**Christo ANASTASIOU.**
**Civ. A. No. 71-H-736.**

United States District Court,
S. D. Texas,
Houston Division.
March 17, 1972.

W. Jiles Roberts, Houston, Tex., for plaintiff.

Henry P. Giessel, Talbert, Giessel & Stone, Houston, Tex., for defendant.

*Memorandum and Order:*

SINGLETON, District Judge.

Plaintiff, a citizen of Texas, has filed this suit seeking recovery in excess of $10,000.00 as the only beneficiary of her deceased ten-year-old son's estate. Plaintiff's son sustained personal injuries resulting in his death as he rode his bicycle on a Houston, Texas, street on June 26, 1969. The defendant is a Greek seaman who was born in Egypt and who also carries a British passport. The defendant has legally lived in Hous-

ton as a permanent resident since 1959 and holds a "green card" from the U.S. Immigration Service. The defendant has never applied for nor received a status of naturalized United States citizen.

The case is presently before the court on a motion to dismiss for lack of jurisdiction. Upon review of the pleadings, this court concludes that the defendant is a domiciliary of Texas within the meaning of 28 U.S.C. § 1332(a) (1). Accordingly, 28 U.S.C. § 1332(a) (1) does not confer jurisdiction on this court since it reads as follows:

> "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
>
> "(1) citizens of different States;"

However, the second section of the diversity jurisdiction statute would provide for jurisdiction by this court:

> "(2) citizens of a State, and foreign states or citizens or subjects thereof." 28 U.S.C. § 1332(a) (2).

Unfortunately, there is a dearth of precedent on this issue of having a plaintiff and defendant of the same domicile but the defendant simultaneously possessing a foreign citizenship. The case of Aguirre v. Nagel, 270 F.Supp. 535 (E.D.Mich.1967), is the only case this court has found that directly relates to the issue in question. There a young girl was domiciled with her parents in Michigan but also had a Mexican citizenship because her parents were Mexican nationals. Because the defendant in that case was also a citizen of Michigan, the court declined jurisdiction under 28 U.S.C. § 1332(a) (1). However, that court declared it would be bad policy to decline jurisdiction under 28 U.S.C. § 1332(a) (2).

Therefore, this court will take jurisdiction under 28 U.S.C. § 1332(a) (2) even though jurisdiction would not exist under 28 U.S.C. § 1332(a) (1).

Accordingly, the motion to dismiss is denied.