Moheb A. H. SADAT, Plaintiff,

v.

Heinz MERTES, and Hartford Accident & Indemnity Company, a foreign corporation, Defendants,

v.

Daniel E. GALGANITES, and Badger State Mutual Casualty Company, a domestic corporation, Defendants and Third-Party Plaintiffs,

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, a domestic corporation and Lloyd W. Hahn, d/b/a Lloyd's Texaco, Third-Party Defendants.

No. 76–C–439.

United States District Court, E. D. Wisconsin.

Feb. 21, 1979.

Miriam L. Eisenberg, M. L. Eisenberg & Assoc., Joseph W. Weigel, Milwaukee, Wis., for plaintiff.

William P. Croke, Prosser, Wiedebach & Quale, Milwaukee, Wis., for Heinz Mertes.

Kurt H. Frauen, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for Galganites and Badger.

Stephen C. deVries, deVries, Vlasak & Schallert, S. C., Milwaukee, Wis., for General Casualty.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The third-party defendants, General Casualty Company of Wisconsin and Lloyd W. Hahn, d/b/a Lloyd's Texaco, have filed a motion to dismiss this action for lack of jurisdiction. Defendants Heinz Mertes, Hartford Accident and Indemnity Company, Daniel E. Galganites and Badger State Mutual Casualty Company have joined in this motion.

Plaintiff, Moheb A. H. Sadat, has filed a motion for leave to file an amended pleading to correct allegations concerning plaintiff's citizenship and domicile. Plaintiff alleges that he is a United States citizen and a citizen of the Arab Republic of Egypt, where he was born in 1934. Plaintiff became a naturalized citizen of the United States in 1973.

In his deposition, plaintiff states that he lived in Beirut, Lebanon from August, 1973 to August, 1975 and that from August, 1975 to March, 1978 he lived in Cairo, Egypt. In his affidavit, plaintiff states that on June 7, 1976, his residence was Cairo, Egypt. Prior to living in Lebanon, plaintiff lived in Pittsburgh, Pennsylvania.

In support of their motion, defendants and third-party defendants allege that plaintiff fails to meet the requirements for diversity jurisdiction for civil suits in the United States district courts.

Section 1332(a) of 28 U.S.C. sets forth the requirements for diversity jurisdiction and provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different states;

(2) citizens of a State and citizens of a foreign state;

(3) citizens of different States and in which citizens of subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

It is well settled that, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state. *Sun Printing & Publishing Association v. Edwards*, 194 U.S.

377, 24 S.Ct. 696, 48 L.Ed. 1027 (1904). A United States citizen who is domiciled in a state is a citizen of that state. *Williamson v. Osenton*, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914). Domicile usually requires the concurrence of physical presence in the state and the intent to make such state a home. *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973); *Bruton v. Shank*, 349 F.2d 630 (8th Cir. 1965).

■ A United States citizen who is domiciled in a foreign country is not a "citizen of a state" and may not invoke federal diversity jurisdiction under 28 U.S.C. § 1332. *Mohr v. Allen*, 407 F.Supp. 483 (S.D.N.Y. 1976); *Van Der Schelling v. U. S. News & World Report, Inc.*, 213 F.Supp. 756 (E.D. Pa.1963), *aff'd per curiam*, 324 F.2d 956 (3rd Cir. 1963), *cert. denied*, 377 U.S. 906, 84 S.Ct. 1166, 12 L.Ed.2d 177 (1964).

■ Furthermore, jurisdiction of this Court is determined as of the date the action is commenced. *Smith v. Sperling*, 354 U.S. 91, 93 n.1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957).

■ As of June 18, 1976, the date this action was commenced, plaintiff was domiciled in Cairo, Egypt. He had not been domiciled in the United States since 1973.

In light of the foregoing, it is clear that plaintiff, although he was a United States citizen, was not a "citizen of a state" as required under section 1332.

■ However, plaintiff argues that he has dual citizenship by reason of his birth in Egypt in 1934 and therefore falls within the parameters of section 1332(a)(2).

The Court is unaware of any cases that have dealt with this precise issue of whether a naturalized United States citizen can meet the requirements of the diversity provision by claiming dual citizenship based upon his country of birth.

After careful consideration of all factors, including the policy objectives of the diversity requirement, this Court concludes that plaintiff has failed to meet the diversity requirements of section 1332(a)(2).

First of all, plaintiff is a naturalized United States citizen, who at the time he was naturalized absolutely and entirely re-nounced all allegiance and fidelity to any foreign state of which he had previously been a subject or citizen. By doing so, he, in effect, renounced his Egyptian citizenship. Even though the Arab Republic of Egypt may not recognize plaintiff's expatriation, such a view is not controlling on this Court as far as a determination of diversity is concerned. In addition, to allow plaintiff or any other naturalized United States citizen to also claim foreign citizenship based on country of birth would defeat the purposes of the diversity requirement and place these naturalized American citizens in a preferential position with respect to legal actions in the federal courts.

Thus, this Court concludes that a naturalized United States citizen may not assert his foreign citizenship based upon birth to meet the requirements of diversity jurisdiction.

The two cases cited by plaintiff are clearly distinguishable. In *Aguirre v. Nagel*, 270 F.Supp. 535 (E.D.Mich.1967), the minor plaintiff was a citizen of the United States and a resident of the state of Michigan, having been born and raised in that state. Plaintiff was also a Mexican citizen as both her parents were Mexican citizens. Defendant was a resident of the state of Michigan. The court held that, although plaintiff was not a citizen of a state different from that of the defendant, she met the requirements of subsection 2 of section 1332(a).

The holding of the case has been questioned, *see* 1 Moore's Federal Practice, ¶ 0.75[1–1] p. 709.5. Unlike the plaintiff in this action, the minor plaintiff in *Aguirre* was a United States citizen by reason of her birth in the United States, pursuant to Congressional mandate. *See* 8 U.S.C. § 1401. She did not, as an adult, seek United States citizenship through the naturalization process.

In *Robinson v. Anastasiou*, 339 F.Supp. 472 (S.D.Tex.1972), the defendant was a Greek seaman who was born in Egypt and who carried a British passport. The defendant had legally lived in Texas as a permanent resident for 10 years and held a "green card" from the United States Immi-

gration Service. He had never applied for or received a status of naturalized United States citizen. Plaintiff was a United States citizen residing in Texas.

Under these circumstances, the court concluded that defendant was a citizen of a foreign state and that it had jurisdiction under section 1332(a)(2).

In light of the foregoing, this Court concludes that the requisite diversity jurisdiction under 28 U.S.C. § 1332(a) is lacking in this case. Therefore, defendants' and third-party defendants' motion to dismiss the action for lack of jurisdiction must be and is hereby granted. Plaintiff's motion to amend the complaint is hereby denied.