**Chris RAPHAEL, Plaintiff,**

**v.**

**Harold HERTZBERG, Roland Childs, Ovvie Miller, Alex Urbach, and Richard Corleto, all individually and doing business as Hertzberg & Childs, Lawyers, a partnership, London Club, a corporation, and James White, Defendants.**

**Civ. No. 78–1852–LEW.**

United States District Court,
C. D. California.

April 19, 1979.

Stephen Yagman, Los Angeles, Cal., for plaintiff.

Myron S. Meisel, Long & Levit, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

WATERS, District Judge.

This is a suit by Chris Raphael for breach of contract and a variety of torts, including negligence and breach of fiduciary duty. The defendants include a law firm that formerly represented him and several of its members. Federal jurisdiction is alleged to exist on the basis of diversity of citizenship under 28 U.S.C. § 1332.

The defendants are all residents of the state of California. So is the plaintiff. Consequently, jurisdiction cannot be based on 28 U.S.C. § 1332(a)(1) which grants district courts original jurisdiction of civil actions between "citizens of different States" when the amount in controversy exceeds $10,000. In his complaint, however, the plaintiff alleged that he "is a citizen of the United Kingdom of England, Scotland and Wales." This fact, if true, would confer jurisdiction on this court under 28 U.S.C. § 1332(a)(2), which allows suits between "citizens of a State, and foreign states or citizens or subjects thereof" when the amount in controversy exceeds $10,000.

During a deposition conducted on November 2, 1978, however, the plaintiff stated that he had become a naturalized citizen of the United States "within the last couple of years." When this information came to the defendants' attention, they moved to dismiss this lawsuit for lack of subject matter jurisdiction.

The plaintiff argues that jurisdiction exists under 28 U.S.C. § 1332(a)(2) because he is a "dual national." He admits that he is a naturalized citizen of the United States, and that he was a naturalized citizen at the

time this suit was filed, but he asserts that he remains a citizen of the United Kingdom under British law. Plaintiff's argument overlooks the fact that naturalized citizens take an oath renouncing allegiance to foreign states or sovereignties. 8 U.S.C. § 1448. Whatever his status under British law, he is now a citizen of only the United States under our law. Plaintiff's counsel has offered no authority to the contrary and fails to support his argument that the plaintiff is a "dual national."

 Even accepting for purposes of argument the plaintiff's claim that he is a "dual national," it does not appear that jurisdiction could properly be asserted under 28 U.S.C. § 1332(a)(2). The plaintiff does cite one case supporting his position. In that case, *Aguirre v. Nagel*, 270 F.Supp. 535 (E.D.Mich.1967), a minor plaintiff born in Michigan to Mexican parents was allowed to sue a citizen of Michigan. The court found that under the circumstances the plaintiff was a citizen of both Mexico and the United States. And once it had found that she was a citizen of Mexico, the court concluded that the case fell squarely within 28 U.S.C. § 1332(a)(2).

But *Aguirre* appears to be the only reported case on point, and it was decided without consideration of the policies underlying diversity jurisdiction, and has been soundly criticized. *See, e. g.*, 1 Moore's Federal Practice ¶ 0.75[1.–1], 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction §§ 3604, 3621, Wright, Law of Federal Courts 93 (3d ed. 1976). To begin with, the holding in *Aguirre* violates the requirement of complete diversity (*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)) since *Aguirre*, like the present case, involved opposing parties who were both American citizens and who resided in the same state. Moreover, where both parties are residents of the state in which the action is brought, there is no reason to expect bias from the state courts. Finally, so long as the party asserting diversity jurisdiction is an American citizen, there is little reason to fear that a foreign government may be affronted by a decision

adverse to that citizen, even if the American citizen also purports to be a citizen of that foreign nation. *See Blair Holdings Corporation v. Rubenstein*, 133 F.Supp. 496, 500 (S.D.N.Y.1955).

The rule proposed by the plaintiff would give naturalized citizens nearly unlimited access to the federal courts, access which has been denied to native-born citizens. Such favored treatment is unsupported by the policies underlying 28 U.S.C. § 1332(a)(2). Finally, a new rule that would extend the scope of § 1332 is particularly undesirable in light of the ever-rising level of criticism of the very concept of diversity jurisdiction.

The defendants' motion to dismiss is granted.